548

Bernadette ASCHER, Plaintiff,

v.

Jose É. GUTIERREZ, M.D.,
Defendant.

Civ. A. No. 1430-71.

United States District Court,
District of Columbia.

May 5, 1975.

Richard S. Paulson, Monte M. Simpson, Washington, D. C., for plaintiff.

William J. Donnelly, Jr., Washington, D. C., James A. Welch, Wheaton, Md., for defendant.

MEMORANDUM AND ORDER

CORCORAN, District Judge.

This matter is before the Court on defendants' motion to quash an attachment or to stay execution of judgment,

and plaintiff's motion for judgment of condemnation. On consideration of the entire record herein, and after oral argument on the motions, the Court concludes that the attachment should be quashed, that plaintiff should be denied a judgment of condemnation, and that the supersedeas bond filed by the defendant should be approved.

On January 23, 1975, a jury verdict in the amount of $1,550,000 was returned in favor of the plaintiff and against the defendant Gutierrez. On March 3, 1975, a motion for a new trial was denied. Thereafter, on March 31, an appeal was noted. On April 10, 1975 a writ of attachment with interrogatories was served on St. Paul Fire and Marine Insurance Co., intervenor herein, which carried the liability insurance of the defendant. The answers to the interrogatories were filed on April 22, as was plaintiff's motion for judgment of condemnation. The preceding day, April 21, a supersedeas bond was filed by the intervenor-garnishee.

■■■ We begin with the proposition that " 'the effect of a supersedeas . . is to suspend proceedings and preserve the status quo pending the determination of the appeal.' " Jinkens v. Hampshire Gardens Development Corp., 8 F. R.D. 330, 332 (D.D.C.1935) (citation omitted). Under Fed.R.Civ.P. 62(d), "(t)he bond may be given at or after the time of filing the notice of appeal . . . . The stay is effective when the supersedeas bond is approved by the court." Rule 62(d) is in accord with the modern practice that the filing of a satisfactory supersedeas bond operates to preserve the status quo and to stay further proceedings, even where, as in this case, there has been an antecedent levy on the property of the judgment debtor. The common law rule, of course, was to the contrary. See, e. g., "Effect of supersedeas or stay on antecedent levy," 90 A.L.R.2d 483 (1963). Thus, a party is entitled to a stay of money judgment upon the posting of a sufficient supersedeas bond. Cf. In re Federal Facilities Realty Trust, 227 F.2d 651, 655 (7th Cir. 1955).

■■■ Since the purpose of a supersedeas bond is to preserve the status quo and to preserve all rights on appeal, and since the intervenor has posted a satisfactory and sufficient bond, the plaintiff is adequately protected. The bond posted herein, when approved, operates to guarantee payment of the judgment in the event defendant's appeal is not successful. On the other hand, were the judgment of condemnation to be entered, the monies coming into the hands of the plaintiff might well be dissipated to the detriment of the intervenor in the event of reversal or remittitur by the Court of Appeals.

■■■ Accordingly, in the exercise of discretion vested in the Court, cf. Fed. R.Civ.P. 60(b),[1] and the precedent in this District Court, see Bredice v. Doctor's Hospital, C.A. 3118–67 (D.D.C. April 14, 1972) (wherein the Court, Green, J., quashed an attachment thereby allowing a supersedeas bond to discharge the antecedent levy), the Court declines, in the interest of justice, to enter a judgment of condemnation.[2]

1. "It is well settled law that an application to open or to vacate a judgment is addressed to the sound legal discretion of the trial court . . . ." Bush v. Bush, 61 App.D.C. 357, 358, 63 F.2d 134, 135 (1933) (citation omitted). See also Finucane v. Bindczyck, 87 U.S.App.D.C. 137, 139, 184 F.2d 225, 227 (1950); Horad v. Yee, 82 A.2d 916 (D.C. Mun.App.1951); Ray v. Bruce, 31 A.2d 693 (D.C.Mun.App.1943). A fortiori, then, if the Court may, in its discretion, open up or vacate a judgment of condemnation, the Court, similarly, may decline to enter such a judgment.

2. Plaintiff's reliance on D.C.Code Ann. § 16–556 (1973), in the circumstances of this case, is misplaced. As defined in D.C.Code Ann. § 16–541, the term "judgment" in § 16–556 means "an *unconditional* decree for the payment of money . . . ." (Emphasis added.) Since defendant has timely

Accordingly, it is by the Court this 5th day of May, 1975.

*ordered, adjudged and decreed* that the motion of the intervenor-garnishee to quash the attachment be, and the same is hereby, granted; and it is further

*ordered, adjudged and decreed* that plaintiff's motions for a judgment of condemnation be, and the same are hereby, denied; and it is further

*ordered, adjudged and decreed* that defendant's motion to "correct heading" of defendant's motion to quash be, and the same is hereby, granted; and it is further

*ordered, adjudged and decreed* that the supersedeas bond filed herein on April 21, 1975, be, and the same is hereby, expressly approved.

noted an appeal of this Court's judgment, that judgment is not "unconditional" until an affirmance by the Court of Appeals. Nor, as plaintiff claims, are the provisions of § 16–556 inflexible and mandatory. *See* Metropolitan Roofing and Sheet Metal Co. v. Franklin Investment Co., 256 A.2d 913 (D. C.Ct.App.1969); Pastor v. Republic Savings and Loan Ass'n, 153 A.2d 813 (D.C.Mun. App.1959).