IMPERIAL COMMODITIES
CORPORATION, Plaintiff,

v.

S.S. MARIA AUXILIADORA, her
engines, boilers, etc.,

v.

COMPANHIA De NAVEGACAO
MARITIMA NETUMAR,

v.

AFFILIATED FM INSURANCE
COMPANY, Defendants.

No. 85 Civ. 5290 (LBS).

United States District Court,
S.D. New York.

April 9, 1987.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiff; Renato Giallorenzi, Roxanne S. Clements of counsel.

Bernstein, Weiss, Coplan, Weinstein & Lake, New York City, for defendant Netumar; Philip Weinstein of counsel.

SAND, District Judge.

By order to show cause entered on February 4, 1987, defendant Netumar seeks the release of a levy of $152,122.60 on its funds in the possession of a bank (Algemene Bank, Nederland, N/V) secured by

the plaintiff. The facts which give rise to this application are as follows.

On November 14, 1986 this Court filed an opinion finding both defendants liable to plaintiff. Judgment was signed by this Court on November 28, 1986 and entered by the clerk on December 3, 1986. Therefore, pursuant to Federal Rule of Civil Procedure ("F.R.Civ.P.") 62(a), the ten day automatic stay of execution period expired on December 13, 1986.

On December 31, 1986, Netumar filed a notice of appeal but took no action to procure a supersedeas bond at that time. Pursuant to a writ of execution issued by the Court on January 15, 1987, the United States Marshall, on January 21, 1987, levied upon the funds of Netumar held in its Algemene Bank account. On January 27, 1987, Netumar and the Travelers Indemnity Company signed a supersedeas bond which was received by the Court and approved on January 28, 1987.

Natumar, citing the language of F.R.Civ. P. 62(d), now seeks to vacate the previously obtained levy. Rule 62(d) provides that:

(d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Thus, Netumar seeks to release the levy obtained prior to the approval of the supersedeas bond by giving it retroactive effect. The authorities on the effect of a supersedeas bond on a previously obtained levy are not clear. Moore flatly rejects retroactivity:

If action is not taken promptly, execution may be taken out or other proceedings for enforcement begun after the ten-day period, and rights may be secured by the adverse party which cannot be dislodged by subsequent stay, as the stay is not retroactive and does not invalidate prior

proceedings or levies. J. Moore, 7 *Moore's Federal Practice*, paragraph 62.06, at 62–34 (1985). *Id.* at n. 14 reads:

*United States v. Dashiel* (1865) 3 Wall 688, 18 L ed 268; *Adams v. Law* (1853) 16 How 144, 14 L ed 880; *Board of Commissioners v. Gorman* (1873) 19 Wall 661, 22 L ed 226; *Draper v. Davis* (1880) 102 US [12 Otto] 370, 26 L ed 121; *Hovey v. McDonald* (1883) 109 US 150, 3 SCt 136, 27 L ed 888; *Foster v. Kansas ex rel. Johnston* (1884) 112 US 201, 5 SCt 8, 28 L ed 629; *Olmstead v. Distilling & C.F. Co.* (CC ND Ill 1895) 73 F 44; *Lee v. Jackson L. & T. Co.* (CCA 5th, 1919) 261 F 721.

Netumar counters by pointing to the fact that all of the cases cited by Moore for the foregoing proposition antedate the adoption of Rule 62(d) which Netumar states altered the common law rule. The modern statutory rule, Netumar claims, is that set forth in *In re Estate of Charles Christian Neilson, Deceased et al Respondent v. Hazel Deboer*, 181 Cal.App.2d 769, 5 Cal.Rptr. 542, 545 (1960), where the court wrote:

As stated in 4 CJS, Appeal and Error, Section 667: At common law a supersedeas does not destroy the lien effected by the previous levy of an execution or effect a stay of further proceedings thereon; but under the statutes providing for the allowance and perfecting of a supersedeas on the execution of a prescribed bond, the common law rule and the theory that the levy and sale under an execution are indivisible and that the execution must be regarded as fully executed from the time of the levy are changed and the general rule now is that a supersedeas becomes effective notwithstanding a levy and stays further proceedings thereunder ....

Netumar also cites *Ascher v. Gutierrez*, 66 F.R.D.548, 549 (D.D.C.1975), where the court wrote:

Rule 62(d) is in accord with the modern practice that the filing of a satisfactory supersedeas bond operates to preserve the status quo and to stay further proceedings, even where, as in this case, there has been an antecedent levy on the

property of the judgment creditor. The common law rule, of course, was to the contrary. *See, e.g.,* 'Effect of supersedeas or stay on antecedent levy,' 90 ALR 2nd 483 (1963).

In *Ascher*, the court granted the motion of the intervenor surety company to vacate a writ of attachment and judgment of condemnation in the exercise of its discretion pursuant to F.R.Civ.P. 60(b), noting that: "were the judgment of condemnation to be entered, the monies coming into the hands of the plaintiff might well be dissipated to the detriment of the intervenor in the event of reversal or remittitur by the Court of Appeals." *Id.* Thus, although the *Ascher* language is fully supportive of Netumar's position, it's factual context—involving the right of a third party intervenor—is distinguishable from this case.

Also pertinent is *In re Federal Facilities Realty Trust,* 227 F.2d 651 (7th Cir. 1955) in which a district judge vacated a stay after a notice of appeal had been filed. Filing of the notice of appeal vests jurisdiction in the Court of Appeals, the Seventh Circuit noted, except insofar as jurisdiction is expressly reserved in the district court by statute or the Federal Rules. The Circuit Court observed:

> Rule 62(d) reserves power in the district courts to grant a supersedeas on a proper application, but the question of the scope of that power,—whether it extends only to a ruling on the application of the stay or whether it is a continuing power to revoke a stay previously granted,—has never before been considered. But numerous cases decided prior to the adoption of the Federal Rules are of valuable assistance in placing the question in its proper perspective. *Id.* at 654.

The Seventh Circuit, after canvassing these authorities, concluded that the district court could not decide that its previous stay was erroneous and revoke it. The Court stated:

> When the supersedeas becomes effective, the appellant obtains thereby a valuable right to have the status quo preserved until his appeal is heard and decided .... The provisions of the cited rules seem clearly to contemplate that the trial court's reserved power is exhausted when the court approves a supersedeas bond and the stay becomes effective. A different interpretation would have the effect of leaving a litigant's rights in a supersedeas ever subject to the jurisdiction of the trial judge until the appeal is finally decided.

> We conclude, therefore, that the district court had no jurisdiction to vacate the stay order previously entered or to take any action, for, on perfection of the appeal and entry of the order for supersedeas, jurisdiction over the supersedeas as well as of the judgment was transferred to this court. *Id.* at 655, 656. *Federal Facilities* would therefore suggest that Netumar's application should be directed to the Court of Appeals which could grant the relief sought but which relief is beyond the power of this Court.

Of course *Federal Facilities* presents a totally different picture than is presently before this Court. Netumar seeks no substantive alteration of its rights. Plaintiff asserts that the tendered supersedeas bond gives it less protection than the levy it now enjoys, but we reject that contention. The interlineations on the bond are adequately explained, Travelers is an approved indemnitor, and the rights of plaintiff as to the other defendant (who has not posted a bond) will not be altered by any order this Court might enter. Nor is this a case in which, prior to the filing of the supersedeas bond, there has been an execution sale or the sale of a judgment creditor's rights to an escrow fund. Cf. *In re Lewis Jones Inc.* 369 F.Supp. 111, 116 (E.D.Penn.1973).

Netumar asserts that the failure of the bank to honor its checks drawn on this account because of the levy obtained by the plaintiff is causing irreparable harm to its credit standing. Recognizing the urgency of this matter and in light of the authorities cited above, we believe the prudent course is to deny Netumar's application. We do so, however, without prejudice to

the making of a similar application to the Court of Appeals and we advise that tribunal that if we had the statutory or discretionary authority to grant the application, we would do so.

Accordingly, I will endorse the original of the order to show cause:

"Application denied without prejudice to an application to the Court of Appeals, see transcript proceedings this date. So Ordered."

SO ORDERED.