**LARRY SANTOS PRODUCTIONS and Larry Santos, individually, Plaintiffs,**

v.

**JOSS ORGANIZATION, INC., a foreign corporation, Al Schervone, and Poly-gram Records, Inc., a Delaware corporation, jointly and severally, Defendants.**

**No. 85–CV–74563–DT.**

United States District Court,
E.D. Michigan, S.D.

Feb. 18, 1988.

Dennis A. Dettmer, Detroit, Mich., for plaintiffs.

David N. Parker, Charles R. Nichols, Detroit, Mich., Sidney A. Stein, Eric Schmidt, New York City, for defendants.

**ORDER**

JULIAN ABELE COOK, Jr., District Judge.

On October 27, 1987, a judgment of $301,202 was entered in favor of the Plaintiff, Larry Santos. Thereafter, the Defendant, PolyGram Records, Inc., sought to stay the execution of the judgment pending appeal. On December 4, 1987, this Court denied PolyGram's request for a stay, and ordered that a $335,000 bond be filed as a condition to the granting of any future stay.

On January 7, 1988, PolyGram renewed its request for a stay of execution pending appeal, having filed the required bond. The Court granted a stay in an order on January 8, 1988.

However, during the preceding week (December 30, 1987), Santos attempted to satisfy the judgment by serving a writ of garnishment upon a PolyGram debtor, Handleman Company of Brighton, Michigan.

On January 12, 1988, PolyGram requested this Court to dissolve the writ as a violation of the stay. At a hearing on January 13, 1988, this Court denied PolyGram's motion for lack of jurisdiction in the belief that the issuance of a stay pending appeal vested sole jurisdiction over the dispute in the Court of Appeals. *In re Federal Facilities Realty Trust*, 227 F.2d 651 (7th Cir.1955).

However, the Court of Appeals for the Sixth Circuit disagreed and remanded the case to this Court "for the limited purpose" of deciding the motion to dissolve. Therefore, this Court must now determine whether its stay operates retroactively, *i.e.*, whether Santos' attempt to execute the judgment on December 30, 1987, violated the January 8, 1988 stay order of this Court.[1]

---

1. Because the parties have already presented oral arguments to this Court on the instant motion, further hearings would only delay the proceedings, and would not serve to facilitate a resolution of the issues in controversy. Accordingly, the decision of the Court is rendered without a rehearing.

In *Ascher v. Gutierrez*, 66 F.R.D. 548 (D.D.C.1975), the Court held that stays pending appeal operate retroactively under modern Rules practice. However, in *Imperial Commodities Corp. v. S.S. Maria Auxiliadora*, 115 F.R.D. 305 (S.D.N.Y. 1987), the Court held that a stay did *not* operate retroactively under the Federal Rules of Civil Procedure. There, the Court determined that no statutory or discretionary authority allowed it to dissolve a garnishment which had been served after judgment but before the grant of a stay pending appeal.

In deciding the instant motion, this Court must also consider the specific case history before it. A jury verdict in this case was reached on June 25, 1987. PolyGram's motions for judgment notwithstanding the verdict and for a new trial were heard on September 9, 1987. On October 27, 1987, the Court entered a final judgment of $301,202, incorporating an order of remittitur. Thus, post-trial proceedings in the case have lasted for almost eight months.

On December 4, 1987, the Court denied PolyGram's request for a stay pending appeal, and required a bond in the sum of $335,000 as a condition to the issuance of any such stay. At least as of that date, PolyGram was aware that it would be required to file a bond in order to stay execution of the judgment.

PolyGram delayed filing its bond until January 8, 1988. In an affidavit which supports the pending Motion to Dissolve Garnishment, PolyGram avers that (a) the Plaintiff was assured on or about December 4, 1987, that a bond would be filed shortly, and (b) "the substantial size of the bond, ... combined with the impending Christmas holidays, led to some delay in obtaining the bond."

Santos rejoins that, although PolyGram indicated on December 21, 1987 that a bond would be filed "that week or early the following week", it was not filed until January 8, 1988—at least four days after PolyGram learned of the Handleman garnishment.

While the Court is sympathetic to the plight of counsel in its efforts to conduct legal business during the "holiday season," the fact remains that no bond was filed and no stay was granted for over a month after final judgment was entered. The Court recognizes that PolyGram eventually filed a bond at a non-refundable cost of approximately $6,000 for the very purpose of securing Santos' rights pending appeal in this cause. Nevertheless, until a bond is filed, the stay which was conditioned on such a bond is inoperative. *See Imperial Commodities*, 115 F.R.D. at 307; *Grubb v. Federal Deposit Insurance Corp.*, 833 F.2d 222 (10th Cir.1987).

To hold otherwise would render the last sentence of Fed.R.Civ.P. 62(d) meaningless. That sentence reads, "The stay is effective when the supersedeas bond is approved by the court." This provision, taken together with the 10–day "automatic stay" provision of Fed.R.Civ.P. 62(a), clearly indicates that without a court-approved stay and a bond if one is ordered, the appealing party is protected against attempts to satisfy a final judgment only for the first 10 days thereafter.

Furthermore, allowing retroactive stays would enable a judgment debtor to delay the filing of a bond until threatened by the efforts of a creditor to execute upon the judgment, and then benefit from the bond as though it had been filed before execution was attempted. Such a rule would subvert the essential purpose of appeal bonds, which are meant to condition stays of execution upon the providing of security in advance. This Court cannot be expected to perform for PolyGram the legerdemain requested here any more than an insurer would be expected to write a policy after the loss had occurred.

Although situations may be imagined in which the denial of a retroactive application of a stay would result in manifest injustice, this Court believes that the instant case is not such a situation. Santos served his writ of garnishment after his right to do so had vested, without any hint of fraud and in the absence of any agreement not to execute the judgment. PolyGram's stated reasons for delay and the cost of its bond

are insufficient to persuade this Court that manifest injustice has resulted.

Accordingly, PolyGram's Motion to Dissolve Garnishment is hereby denied.

IT IS SO ORDERED.