Robert J. **SHELDON** and Joan M. Sheldon d/b/a World Bazaar of Southlake, Plaintiffs,

v.

**MUNFORD, INC.,** a Georgia Corporation, and **Leewards Creative Crafts, Inc.,** a Delaware Corporation, Defendants.

Civ. No. H 86–865.

United States District Court, N.D. Indiana, Hammond Division.

Nov. 16, 1989.

See also, D.C., 660 F.Supp. 130.

**664**

Robert D. Hawk and Robert Brown, Merrillville, Ind., for plaintiffs.

Marc P. Seidler and Stephen W. Schwab, Chicago, Ill., for defendants.

ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Emergency Motion for Relief from Supplementary Proceedings filed by the defendant, Munford, Inc., on October 23, 1989. For the reasons set forth below, the Motion is GRANTED.

This dispute arose from a franchise agreement between the plaintiffs, Robert J. Sheldon and Joan M. Sheldon, and the defendant, Munford, Inc. In short, the Sheldons contend that Munford breached its franchise agreement providing for the operation of a store at the Southlake Mall in Merrillville, Indiana. After a five day jury trial, the jury returned a verdict on October 7, 1988, in favor of the Sheldons in the amount of $300,000.00. In response to post trial motions, an Amended Judgment was entered correcting the computation of prejudgment interest on May 24, 1989.

When the Sheldons attempted to collect the judgment through proceedings supplemental, Munford requested a stay of the enforcement of the judgment pending appeal. Pursuant to Federal Rule of Civil Procedure 62(d), this Court granted the stay on July 13, 1989 conditioned upon the posting of a supersedeas bond in the amount of $325,000.00 by August 1, 1989. When Munford failed to post the required bond, the Sheldons continued with the collection process. On September 6, 1989, Munford was ordered to deposit all of the cash in a specified account and certain stock certificates with the Clerk of this Court. Munford has complied with that order. On October 10, 1989, Munford filed a supersedeas bond in the amount of $325,-000.00 with the Insurance Company of North America as surety. The Sheldons did not file any objections to that bond, and it was approved by the Court.

In addition to their in-court efforts to collect on the judgment, the Sheldons obtained a Writ of Execution on the judgment from the United States District Court for the Northern District of Georgia. The Motion for Relief alleges that Munford is attempting to complete a real estate transaction in Georgia and that the Writ of Execution is a cloud on the title. Munford is seeking an order directing the Sheldons to disclose all of the judicial districts in which they filed a judgment lien, requiring the Sheldons to release all of the liens including the one in the Northern District of Georgia, and directing the Clerk to return the property deposited pursuant to the September 6, 1989 Order.

Before ruling on the merits of the Motion for Relief, it first must be determined whether this Court has the authority to consider that motion since this case is on appeal to the Seventh Circuit. In *In Re Federal Facilities Realty Trust*, 227 F.2d 651 (7th Cir.1955), the Court of Appeals stated:

It is well settled that filing a notice of appeal from a district court's judgment vests jurisdiction over the cause appealed

in the court of appeals. Thereafter, the trial court has no power to modify its judgment or take other action affecting the cause without permission of the appellate tribunal, except insofar as jurisdiction is expressly reserved in the district court by statute or the Federal Rules of Civil Procedure ...

\*   \*   \*   \*   \*   \*

It has long been established that an order granting a supersedeas may be vacated or modified on application and sufficient showing to the proper court.
227 F.2d at 653–54

Based upon the trial rules in effect in 1955, the Court of Appeals concluded that the district court did not have authority to modify the supersedeas bond.

Both the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure have undergone significant revisions since 1955. Rule 62(d) provides:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at *or after* the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court. (emphasis added)

Federal Rule of Appellate Procedure 8(a) provides:

Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, ... must ordinarily be made in the first instance in the district court. A motion for such relief may be made to the court of appeals or to a judge thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action....

By its terms, Appellate Rule 8(a) places the initial responsibility for determining the propriety of a supersedeas bond with the district court, and Rule 62(d) permits the district court to set a supersedeas bond even after a notice of appeal is filed.

Although the filing of the notice of appeal divests the district court of jurisdiction over any matters dealing with the merits of the appeal, the district court retains jurisdiction over any issues relating to the enforcement of the judgment or the supersedeas bond. In *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir.1986), the Court of Appeals stated:

If an appeal is taken from a judgment which determines the entire action, upon the filing of the notice of appeal the district court loses its power to take any further action in the proceeding *except* in aid of the appeal, to correct clerical mistakes under Fed.R.Civ.P. 60(a), or *in aid of execution of a judgment that has not been stayed or superseded.* 9 Moores Federal ¶ 203.11 at 3–44 to 3–46. Further proceedings in the district court cannot take place without leave of the Court of Appeals. (emphasis added)
808 F.2d at 1240

*See also United States v. Black*, 543 F.2d 35, 37 (7th Cir.1976) (during the pendency of an appeal in a criminal matter, the district court retains jurisdiction to modify or revoke the conditions of the defendant's appellate bond); and *Larry Santos Productions v. Joss Organization*, 682 F.Supp. 905, 905 (E.D.Mich.1988). Therefore, this Court has jurisdiction to regulate the collection proceedings including the enforcement of the supersedeas bond posted on October 10, 1989.

The purpose of a supersedeas bond is to permit the plaintiff to collect its judgment after appeal without the necessity of proceedings supplemental or a protracted search for assets. In *Ascher v. Gutierrez*, 66 F.R.D. 548 (D.D.C.1975), the plaintiff obtained a writ of attachment prior to the posting of a supersedeas bond by the defendant. In quashing the writ of attachment, the court stated:

Since the purpose of a supersedeas bond is to preserve the status quo and to preserve all rights on appeal, and since the intervenor has posted a satisfactory and sufficient bond, the plaintiff is adequate-

ly protected. The bond posted herein, when approved, operates to guarantee payment of the judgment in the event defendant's appeal is not successful.

66 F.R.D. at 549

*Compare Larry Santos Productions,* 682 F.Supp. at 906; and *Imperial Commodities Corporation v. S.S. Maria Auxiliadora,* 115 F.R.D. 305, 307–08 (S.D.N.Y.1987).

■ The Sheldons have raised three objections to the Motion for Relief. First, the Sheldons have suggested the possibility that the bonding company may become insolvent or raise a defense to the bond claim. This argument is based upon pure speculation. The Insurance Company of North America is a nationally known insurance company. Since the Sheldons did not file any objections either to the conditions of the bond or the bonding company when it was posted, the Sheldons must do more than raise speculations at this stage of the proceedings.

The Sheldons next suggest that the amount of the bond may be insufficient to satisfy the judgment if the Court of Appeals delays in disposing of the appeal. If the amount of the judgment plus accrued interest ever exceeds the amount of the bond, the Sheldons are free to seek a modification or an increase in the amount of the bond. *See generally* Rule 62(d).

Finally, the Sheldons suggest that Munford's failure to post the bond in a timely fashion required them to expend time and effort to secure the judicial liens. The Sheldons argue that it would be inequitable to vacate those liens at this time. However, this argument ignores the purpose of a supersedeas bond. As previously stated, the purpose of the bond is to guarantee that the plaintiffs will be able to collect their judgment if the verdict is affirmed on appeal. Regardless of when the bond is posted, Rule 62(d) provides that the bond is the only security which the plaintiffs are entitled to pending appeal. Since there has been no showing that the Sheldons will not be able to collect on the bond, they may not continue to disrupt Munford's legitimate business activities with judicial liens.

For the foregoing reasons, the Emergency Motion for Relief from Supplementary Proceedings filed on October 23, 1989, is GRANTED. The plaintiffs are ORDERED to release the Writ of Execution which they have obtained in the United States District Court for the Northern District of Georgia. The plaintiffs further are ORDERED to provide the defendant with a list of all judicial districts in which the judgment has been registered on or before December 1, 1989. Finally, the Clerk is ORDERED to return all property which the defendant filed pursuant to the Order of September 6, 1989.