**Elaine JOHNS, et al., Plaintiffs,**

v.

**A. Bruce ROZET, et al., Defendants.**

**Civ. A. No. 91–130.**

United States District Court, District of Columbia.

July 23, 1993.

---

566

Stark Ritchie, Akin, Gump, Strauss, Hauer & Feld, with Barbara Dougherty of Akin, Gump, Strauss, Hauer & Feld, for plaintiffs.

Amy E. Hancock, McDermott, Will & Emery, with Steven M. Schneebaum, and Judith Bartnoff, Patton, Boggs & Blow, and Charles R. Work and Martha A. Hausman of McDermott, Will & Emery, for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case are the Plaintiffs' Motion for Summary Judgment against Garnishee Merrill, Lynch, Pierce, Fenner & Smith and the Defendants' Renewed Motion for a Stay pending appeal. The Court held a hearing on these motions on May 25, 1993. For reasons more fully explained below, the Court shall grant the Plaintiffs' Motion for Summary Judgment and shall deny the Defendants' Motion for a Stay.

On March 20, 1992, the jury returned a verdict in favor of the Plaintiffs in this case and judgment was entered for an agreed upon amount of $752,237.57. The Defendants filed a notice of appeal on May 8, 1992. In July 1992, the Defendants requested a stay pending appeal, which was not granted because the Defendants failed to post a supersedeas bond as ordered in the agreed upon amount of $846,000. On November 4, the Plaintiffs, by writ of attachment, garnished the funds of Defendant Ross' individual retirement account ("IRA"). The garnishee Merrill Lynch has accounts in Ross' name valued in excess of $1,600,000.

The Plaintiffs now move for summary judgment against the Garnishee Merrill, Lynch. The Defendants oppose the motion and claim that California law applies to the question of whether Ross' IRA is exempt from garnishment because California has the most substantial interest in having its law apply and because it is the place where Defendant Ross lives and will retire. The Defendants claim that California law explicitly exempt IRAs from attachment and garnishment:

self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue code of 1954 as amended, to the extent that the

amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under the Code.

Cal.Civ.Proc.Code § 704.115(a)(3). The Defendants also claim that this retirement fund is exempt from garnishment under the Employee Retirement Income Security Act ("ERISA") and District of Columbia law.

■ The Court does not agree. The Plaintiffs correctly note that this IRA is not protected from garnishment by ERISA because funds rolled over from an employee benefit plan into an IRA are not covered by ERISA. *See* Exhibit D of Plaintiffs' Motion for Summary Judgment against Garnishee, Dept. of Labor Opinion Letter # 81–026A (March 3, 1981). In addition, the Plaintiffs correctly note that District of Columbia law applies to the question of garnishment here as "the procedure on execution, in proceedings supplementary to and in aid of execution, *shall be in accordance with the practice and procedure of the state in which the district court is held.*" Fed.R.Civ.P. 69(a) (emphasis added). Furthermore, under choice of law rules, the District of Columbia has a stronger interest in having its law apply given the facts in this case because the events that gave rise to this cause of action occurred in the District of Columbia and the Plaintiffs reside here as well.

■ The Plaintiffs accurately argue that this account is not exempt from garnishment under District of Columbia law. While District of Columbia law does exempt from attachment an IRA of a person residing in the District or those who earn a major portion of their wages here, it does not extend that protection to those living or working outside the District. *See* D.C.Code § 15–503. Thus, because Defendant Ross lives and works outside the District of Columbia, his IRA account is subject to attachment under the law of the District of Columbia.

■ Finally, even if the Court did accept the Defendants' argument that California law applies to the question of garnishment in this case, California law does not exempt Defendant Ross' IRA from garnishment. California law provides that IRAs are:

> exempt [from garnishment] *only* to the extent necessary *to provide for the support of the judgment debtor* when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, *taking into account all resources that are likely to be available* when the judgment debtor dies.

Cal.Civ.Proc.Code 704.115(e) (emphasis added). Thus, as Defendant Ross has a net worth of approximately $22–30 million, there is no need to exempt these funds from garnishment under California law in order to safeguard his retirement. Therefore, for all the reasons listed above, the Court concludes that the garnishment of Defendant Ross' IRA is permitted under law and, therefore, the Court shall grant the Plaintiffs' Motion.

■ As to the Defendants' Motion, the Court concludes that a stay of this action is not appropriate for several reasons. First, this is the second time that the Defendants have requested that enforcement of the judgment in this action be stayed pending appeal. The first request was made, and granted approximately *one year ago.* However, because the Defendants did not post a supersedeas bond as required, despite being given an extension of time within which to do so, enforcement of the judgment in this action was not stayed at that time.[1] The Motion for a Stay presently before the Court was not filed until *seven months* after the first request for a stay. The Defendants do not provide an explanation for the long delay in making their second request for a stay. Therefore, because of the long delay and the Defendants' failure to post a supersedeas bond as directed earlier by this Court, the Court does not believe it is in the interests of justice to give the Defendants another chance to post such a bond and stay this judgment.

---

1. On June 26, 1993, the Court granted a stay of enforcement of the judgment in this case provided that a supersedeas bond of $846,000 was posted by July 20, 1993. At the request of the Defendants, the Court extended the deadline for the posting of the bond until August 3, 1993. Despite the extension of time, the Defendants never filed the bond.

Second, the Court notes that this request for a stay came only after the Plaintiffs had successfully attached the IRA account of Defendant Ross. This Court does not have the authority to grant a stay where garnishment proceedings have already been commenced before the request for a stay was made. *See Secure Engineering v. International Technology Corp.*, 727 F.Supp. 261 (E.D.Va.1989). Furthermore, any stay granted at this time would not have retroactive effect upon the garnishment proceedings commenced prior to the stay. *Larry Santos Productions v. Joss Organization, Inc.*, 682 F.Supp. 905 (E.D.Mich.1988) (reasoning that the plain language of Rule 62(d) requires that a stay take effect only after a supersedeas bond has been approved by the court); *see* J. Moore, *Moore's Federal Practice* ¶ 62.06 (1993) (rights secured by prevailing party may not be dislodged by subsequent stay because a stay is not retroactive and does not invalidate prior proceedings or levies).[2] Therefore, for the reasons recited above, the Court shall deny the Defendants' Motion to Stay.

Accordingly, it is, by the Court, this 22nd day of July, 1993,

ORDERED that the Plaintiff's Motion for Summary Judgment against Garnishee Merrill, Lynch, Pierce, Fenner & Smith shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the Defendant's Motion for a Stay shall be, and hereby is, DENIED, and it is;

FURTHER ORDERED that, as this Order resolves all outstanding issues currently before the Court in this case, any and all other pending motions in the above-captioned case shall be, and hereby are, declared moot.

**2.** The Defendants contend that the filing of a supersedeas bond preserves the stay where there has been an antecedent levy on the property of the judgment debtor. *Ascher v. Gutierrez*, 66 F.R.D. 548, 549 (D.D.C.1975). However, the Court in *Ascher* vacated a writ of attachment filed prior to the granting of stay where the

money attached was that of a third party intervenor. Thus, it is factual distinguishable from the circumstances of the instant case, which involve the assets of a defendant judgment debtor. *See Imperial Commodities Corp. v. S.S. Maria Auxiliadora*, 115 F.R.D. 305, 306–07 (S.D.N.Y.1987).