ROBERT L. BENTLEY, Plaintiff-Appellant, v. GLENN SHIPLEY ENTERPRISES, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0044

Argued June 22, 1993.—Opinion filed August 19, 1993.

648

John McMahon (argued), of Zimmerly, Gadau, Selin & Otto, of Champaign, for appellant.

Michael J. Tague (argued), of Flynn, Palmer & Tague, of Champaign, for appellees.

JUSTICE COOK delivered the opinion of the court:

Plaintiff Robert Bentley commenced a supplementary proceeding to discover assets belonging to the judgment debtor, Glenn Shipley Enterprises, Inc. (Shipley Enterprises). Bentley served Glenn Shipley and Shirley Shipley (the Shipleys) with third-party citations to discover assets of the judgment debtor in their possession. Bentley discovered $18,243.48 in checks written on the Shipley Enterprises corporate checking account by the Shipleys for their own personal expenditures unrelated to the corporation's business. Bentley filed a motion for turnover order, requesting the trial court order the Shipleys to turn over $18,243.48 to him in partial satisfaction of his judgment against Shipley Enterprises. The trial court denied Bentley's motion. Bentley appeals, contending the trial court erred in refusing to order the Shipleys to turn over $18,243.48. We reverse and remand.

On March 28, 1987, Bentley sustained injuries arising out of and in the course of his employment with Shipley Enterprises. Bentley filed an action against Shipley Enterprises with the Industrial Commission of Illinois, pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*). A hearing was held on April 9, 1990, and on August 3, 1990, the arbitrator awarded Bentley compensation. Shipley Enterprises did not appeal or otherwise move to have the award modified, set aside, or vacated, and the award thus became the final decision of the Industrial Commission. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b).) Shipley Enterprises did not pay the compensation awarded Bentley.

On January 18, 1991, Bentley filed a two-count complaint in the circuit court of Champaign County seeking judgment on the workers' compensation award. Count I requested judgment against Shipley Enterprises and count II requested judgment against Glenn Shipley and Shirley Shipley, individually. Count II alleged there was a "unity of interest" between Shipley Enterprises and the Shipleys, and the corporation was merely the Shipleys' "alter ego." On March 20, 1991, the trial court entered judgment on count I of the complaint in the amount of $15,720.70 (the amount of the workers' compensation

award plus interest) and dismissed count II with prejudice. The judgment on count I was later modified to include reasonable costs, additional interest, and attorney fees, for a total exceeding $18,600.

Bentley commenced supplementary proceedings to discover assets of the judgment debtor, Shipley Enterprises. The Shipleys confirmed they were the sole shareholders, officers, directors, and incorporators of Shipley Enterprises. It was revealed that $18,243.48 in corporate checks were written for the personal expenses of the Shipleys; all of these checks were paid to creditors of the Shipleys prior to September 3, 1990.

On July 14, 1992, Bentley filed a motion for turnover order, with a supporting memorandum, requesting that the trial court order the Shipleys to turn over $18,243.48 to be applied toward satisfaction of the judgment against Shipley Enterprises. The motion asked the court to either pierce the corporate veil and find the Shipleys liable individually, or order the Shipleys to deliver up the assets they misappropriated from Shipley Enterprises. After a hearing on the motion the trial court entered an order finding "Glenn Shipley and Shirley Shipley applied $18,243.48 in money belonging to Glenn Shipley Enterprises, Inc., for their personal benefit." However, the trial court found this money "was not applied in contemplation of defeating the judgment of Plaintiff against the Defendant, Glenn Shipley Enterprises, Inc., and, therefore, is not property of the Defendant *** which this court may order to be delivered up in satisfaction of the judgment in this cause." Accordingly, the trial court denied Bentley's motion for a turnover order.

■ The trial court properly refused to pierce the corporate veil at the supplementary proceeding. Bentley advocated piercing the corporate veil in his initial complaint; however, the trial court dismissed that count with prejudice for failure to state a cause of action. Following the trial court's dismissal with prejudice Bentley did not file a motion to amend the complaint, nor did he appeal the dismissal within 30 days. (134 Ill. 2d R. 303(a)(1).) Supreme Court Rule 273 provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (134 Ill. 2d R. 273.)

A dismissal with prejudice for failure to state a cause of action acts as an adjudication on the merits and the doctrine of *res judicata* bars a subsequent action between the same parties on the same claim or cause of action. (*McGann v. Illinois Hospital Association, Inc.* (1988),

172 Ill. App. 3d 560, 568-69, 526 N.E.2d 902, 906-07; see Restatement (Second) of Judgments §19(d) (1982).) As the dismissal with prejudice for failure to state a cause of action acted as a judgment on the merits, a subsequent action based on piercing the corporate veil was barred by *res judicata*.

Section 13—217 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) has been held to be a statute which "otherwise specifies" (emphasis omitted) for purposes of Rule 273. (*Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, 212, 496 N.E.2d 1080, 1082.) Section 13—217 of the Code provides that a plaintiff may commence a new action within one year or within the remaining period of limitation, whichever is greater, in various situations, including where the action is dismissed for want of prosecution. (Ill. Rev. Stat. 1991, ch. 110, par. 13—217.) That section, however, has no application to the present case where the count seeking to pierce the corporate veil was dismissed for failure to state a cause of action.

The trial court gave two reasons for denying Bentley's motion for a turnover order. First, the trial court held that because the Shipleys applied the money for their personal benefit prior to Bentley becoming a judgment creditor of Shipley Enterprises, the "money was not applied in contemplation of defeating the judgment of Plaintiff [Bentley] against the Defendant, Glenn Shipley Enterprises, Inc., and, therefore, is not property of the Defendant, Glenn Shipley Enterprises, Inc., which this court may order to be delivered up in satisfaction of the judgment in this cause." Bentley concedes the fact that the corporation's money was applied for the Shipleys' personal benefit *before* he became a judgment creditor might be significant if he were relying on a fraudulent conveyance theory, because such an action may require an intent to defraud. (See *Bank of Aspen v. Fox Cartage, Inc.* (1987), 158 Ill. App. 3d 939, 944-45, 511 N.E.2d 1234, 1237.) Bentley contends, however, the timing of the application of the corporation's money for the Shipleys' personal benefit is irrelevant to the relief requested by him, because section 2—1402(b)(3) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—1402(b)(3)) does not require any showing of an intent to defraud the judgment creditor. We agree.

Section 2—1402(b)(3) of the Code as it relates to supplementary proceedings provides as follows:

> "When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

* * *

Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1402(b)(3).)

Supreme Court Rule 277(a), which implements section 2—1402 of the Code, provides in pertinent part as follows:

"A supplementary proceeding authorized by section 2—1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement. The proceeding may be against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor." 134 Ill. 2d R. 277(a).

These provisions create a comprehensive framework for discovery of assets through supplementary proceedings and are to be liberally construed. (*O'Connell v. Pharmaco, Inc.* (1986), 143 Ill. App. 3d 1061, 1068, 493 N.E.2d 1175, 1180.) In particular, section 2—1402(b)(3) of the Code gives courts "broad powers to compel, in a summary manner, the application of discovered assets or income to the satisfaction of a judgment." (*Froehlich v. J.R. Froehlich Manufacturing Co.* (1981), 93 Ill. App. 3d 179, 186, 416 N.E.2d 1134, 1139.) To initiate such proceedings against a third party (here, the Shipleys), Rule 277 requires that the judgment creditor (here, Bentley) believe the third party has property of, or is indebted to, the judgment debtor (that is, Shipley Enterprises). The supplementary proceeding thereby enables the creditor to discover any such property or indebtedness. If the creditor can show the third party has property of or is indebted to the judgment debtor, the court is empowered under section 2—1402(b)(3) of the Code to compel the third party to deliver up any assets so discovered or the value thereof, if those assets are held under circumstances in which the judgment debtor could recover them in an appropriate action. *Froehlich*, 93 Ill. App. 3d at 186, 416 N.E.2d at 1139.

■ We hold section 2—1402 of the Code and Supreme Court Rule 277 do not require a finding of fraudulent intent on behalf of the judgment debtor in transferring assets to a third party in order for a court to force that third party to deliver up the assets to the judgment creditor. It is enough that the judgment debtor has the right to recover the assets from the third party. Accordingly, Bentley is not

barred in a supplementary action against the Shipleys merely because the Shipleys came into possession of the assets before Bentley obtained the judgment against Shipley Enterprises. See *Shatkin Investment Corp. v. Connelly* (1984), 128 Ill. App. 3d 518, 524, 470 N.E.2d 1230, 1234 (judgment creditor is not limited to period after citation when questioning third party about location of judgment debtor's assets).

The second reason the trial court refused to find in favor of Bentley was that, although the corporate money was applied to the Shipleys' personal debts, the payments were not made directly to the Shipleys. The trial court indicated that if there was "a fund of money in the hands of the Shipleys which was property of the corporation," it could order them to "pay it over in satisfaction of the judgment entered against the corporation." The trial court held, however, that since the money was applied to the Shipleys' debts and was not given directly to them, the Shipleys did not have possession of corporate assets.

The Shipleys contend they did not possess any corporate assets at the time of the citation since the corporation's money spent on their personal debts was never in their hands. The Shipleys rely exclusively on *Lange v. Misch* (1992), 232 Ill. App. 3d 1077, 598 N.E.2d 412, where this court found the trial court erred in piercing the corporate veil in a supplementary proceeding and finding a controlling stockholder liable for the debt of a corporate judgment debtor where there was no evidence the controlling stockholder possessed any assets of the judgment debtor. In *Lange*, however, the record was devoid of any evidence regarding the transfer of any corporate assets to, *or for the benefit of,* the third party. Here, the evidence showed that "Glenn Shipley and Shirley Shipley applied $18,243.48 in money belonging to Glenn Shipley Enterprises, Inc., for their personal benefit."

The fact the money went directly to the Shipleys' creditors does not necessarily prevent judgment against the Shipleys. The court in *Froehlich* (93 Ill. App. 3d at 186, 416 N.E.2d at 1139-40) refused to apply assets held by a third party to satisfy a judgment against a corporation because the plaintiff failed to show the third party "had any assets of the corporation in his possession or control *or* that he was indebted to the corporation." (Emphasis added.) Here, although the Shipleys never had physical possession of the money because it went to their creditors, the evidence indicated they were indebted to the corporation for the payments made on their behalf and for their benefit to their creditors.

Finally, as to the corporate money paid to their creditors, the Shipleys contend they could have claimed a setoff for wages and value given to the corporation for which they were not paid, including personal guarantees of corporate debts. Despite the Shipleys' claims, the trial court apparently did not find they were entitled to a setoff. The court specifically found that only the timing and the identity of the recipient of the payments prevented recovery:

> "[B]ased on the record \*\*\*, I find it to be a fact that the $18,243.48 was applied from corporate monies to the personal debts, and for the benefit of, the Shipleys. So I want no lack of clarity in the record as to the amount of money, or for whose benefit it was paid out. It is the timing of the payments and the fact that the payments did not necessarily end up in the hands of the Shipleys, although perhaps made for their benefit, which I think is the infirmity in what Plaintiff asks me to do here."

Because we hold that the transfers did not have to be made with the intent of defeating Bentley's claim and that Bentley's claim was not barred merely because the transfers were not made directly to the Shipleys, we reverse and remand for further proceedings. On remand Bentley may proceed, as if in the shoes of Shipley Enterprises, against the Shipleys to attempt to recover against the $18,243.48 he believes the Shipleys owe Shipley Enterprises. The parties may present further evidence but no further amendment to the pleadings appears to be necessary in light of the fact that strict pleading rules are not applied to supplementary proceedings cases.

Reversed and remanded.

KNECHT and GREEN, JJ., concur.