**LABORERS NATIONAL PENSION FUND, et al., Plaintiffs,**

v.

**ANB INVESTMENT MANAGEMENT AND TRUST COMPANY, now known as Northern Trust Qualitative Advisors, Inc. Defendant.**

No. 98 C 2336.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 9, 1998.

Robert B. Greenberg, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for Plaintiffs.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

After obtaining a judgment in the United States District Court for the Northern District of Texas, Plaintiffs Laborers National Pension Fund and its 30,000 participants (collectively the "Plaintiffs") issued Citations to Discover Assets (the "Citations") to the Northern Trust Company ("Northern") and J. Stephen Baine ("Baine"). Presently pending before this Court are motions by Northern and Baine to quash the Citations, to stay execution on the judgment or to stay the supplementary proceeding. For the reasons set forth below, the Court grants the motions in part and denies them in part.

## BACKGROUND FACTS

On December 30, 1997, the United States District Court for the Northern District of Texas, Dallas Division (the "Texas District Court") entered judgment against ANB Investment Management Company ("ANB Investment") and American National Bank ("American National") in the amount of $7,841,869.32 (the "Judgment") on behalf of Plaintiffs. At the time the Texas District Court entered Judgment: (1) ANB Investment was a subsidiary of the First Chicago NBD Investment Management Company ("FIMCO"), a subsidiary of The First National Bank of Chicago ("First Chicago"); and (2) Baine was the President of FIMCO. On December 31, 1997, the stock of ANB Investment was sold to Northern, and First Chicago agreed to indemnify Northern, its affiliates and subsidiaries, including ANB Investment and Northern, from and against, *inter alia,* the Judgment.

After the expiration of the ten-day automatic stay of execution under Fed.R.Civ.P. 62(a), the parties communicated regarding whether ANB Investment would seek a stay pending their appeal of the Judgment.[1] However, after ANB Investment had not sought a stay for numerous months, Plaintiffs registered the Judgment in the Northern District of Illinois pursuant to 28 U.S.C. § 1963, and commenced execution against ANB Investment.

On or about April 28, 1998, the Trustees served a Citation to Discover Assets on Northern, ANB Investment's new parent, pursuant to Fed.R.Civ.P. 69(a) and 735 ILCS 5/2–1402. Plaintiffs served a similar Citation on Baine on May 7, 1998. These Citations commanded the recipients to produce documents regarding the assets of ANB Investment and prohibited them "from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution ... belonging to the judgment debtor." (*See* Baine Mot., Ex. B; Northern Mot., Ex. B.)

On April 29, 1998, ANB Investment moved before the Texas District Court for a stay of execution pending appeal and for withdrawal of the previously issued Citation. The Texas District Court held that ANB Investment was not entitled to a stay of execution absent the filing of a supersedeas bond. The court additionally stated that "Plaintiff's citation for discovery of assets is not improper and is not affected by any stay which may issue following the filing of a supersedeas bond." (Pl. Resp., Ex. C at 2–3.)

---

1. The parties agreed that American National was and is entitled to a stay of execution without a

supersedeas bond pursuant to 12 U.S.C. § 91.

On May 8, 1998, ANB Investment posted a supersedeas bond in the Northern District of Texas in the amount of $9,410,493.18. That same day, ANB Investment filed a motion with the Texas District Court requesting that the court approve its bond, stay execution on the Judgment pending appeal, and stay the Citations. On May 13, 1998, the Texas District Court granted the motion for a stay of execution on the Judgment pending appeal, conditioned on the District Clerk's approval of the bond.[2] The Texas District Court declined to rule on the issue of whether the Citations should proceed, leaving that determination to this Court. The Texas District Court stated, however:

> [I]t does appear that further pursuit of these citations, when judgment may be otherwise secured by the approval of the supersedeas bond, could conceivably constitute harassment[.]

(Baine Mot., Ex. C at 3.)

On May 18, 1998, Baine and Northern filed the pending motions. Collectively, the motions contend that this Court should quash the Citations because they are procedurally defective or, at a minimum, stay execution on the Judgment and stay the supplementary proceeding.

## DISCUSSION

 Rule 69(a) of the Federal Rules of Civil Procedure governs actions to enforce judgments and instructs federal courts to apply state procedural and substantive law in such proceedings. *See Cacok v. Covington*, 111 F.3d 52, 53 (7th Cir.1997). The parties agree that Illinois law controls. Under Illinois law:

> a judgment creditor ... is entitled to prosecute supplementary proceedings for the purpose of examining the judgment creditor or any other person to discover assets or income of the debtor ... and of compelling the application of [such] assets or income discovered toward the payment of the amount due under the judgment.

735 ILCS 5/2–1402(a). *See also* Ill. S.Ct. R. 277(a).

2. The District Clerk has since approved the bond.

3. The Citations identify the Northern District of Illinois wherein the Judgment was entered, and a judgment entered in one district court and regis-

## I. Sufficiency of the Citations

Baine and Northern initially contend that the Citations are defective and should be quashed because they do not contain all of the information required by 735 ILCS 5/2–1402. Section 1402 states, in relevant part, that:

> Any citation served upon a judgment debtor ... shall include a certification by the attorney for the judgment creditor or the judgment creditor setting forth the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the court, and the number of the case, and a copy of the citation notice required by this subsection[.]

735 ILCS 5/2–1402(b). The citation must additionally contain language regarding the consequences of failing to appear in court as directed. *See* 735 ILCS 5/2–1402(a).

 Baine and Northern assert that the Citations contain "virtually none of the information" required by § 1402. Upon review of the Citations, this Court disagrees. The Citations contain the name of a court in which the Judgment was entered,[3] the date that the Judgment was entered, and the Judgment amount that remains unsatisfied. The Citations additionally contain satisfactory cautionary language regarding the consequences for failing to appear in court as directed. As such, the Citations adequately comply with § 1402.

To the extent that the Citations do not comply with the exact letter of § 1402, it should be noted that Illinois courts hold that the provisions concerning supplementary proceedings are to be "liberally construed." *Bentley v. Glenn Shipley Enterps., Inc.*, 248 Ill.App.3d 647, 651, 189 Ill.Dec. 115, 619 N.E.2d 816, 819 (4th Dist.1993). Considering the circumstances here, Baine and Northern, as sophisticated parties, clearly cannot (and, in fact, do not) assert any prejudice or lack of notice by the Citations regarding this nearly $8 million Judgment. This Court, therefore, rejects the argument that the Citations

tered in another "shall have the same effect as a judgment of the district court where registered and may be enforced in like manner." *See* 28 U.S.C. § 1963.

should be quashed because of technical deficiencies.

## II. *Stay of the Supplementary Proceedings*

Regardless of the sufficiency of the Citations, Baine and Northern argue that this Court should stay execution of the Judgment pending appeal and stay the supplementary proceedings. Initially, this Court notes that the Texas District Court has already granted the motion for a stay of execution pending appeal. (*See* Baine Mot., Ex. C.) Plaintiffs do not present any argument as to why this stay should not remain in effect. Therefore, the Court will solely consider whether the supplementary proceedings should be stayed, which is a separate matter. *See, e.g., Hamilton Steel Prods., Inc. v. Yorke*, 376 F.2d 463, 466 (7th Cir.1967); *Hurley v. Atlantic City Police Dept.*, 944 F.Supp. 371, 378 (D.N.J. 1996).

At first blush, Baine and Northern's argument to stay the supplementary proceedings appears reasonable: a supersedeas bond has now been posted and, therefore, there is no need to proceed with the Citations by investigating or withholding the judgment debtor's assets. The problem, however, is that Plaintiffs initiated the supplementary proceedings by issuing the Citations *before* the supersedeas bond was approved.

Rule 62(d) of the Federal Rules of Civil Procedure states (in part and with emphasis added):

> [w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay[.] ... The stay is effective *when the supersedeas bond is approved* by the court.

Fed.R.Civ.P. 62(d). The rule does not explicitly address what effect, if any, the posting of a supersedeas bond has on execution proceedings begun *prior* to the posting of such bond. The cases dealing with this issue are in conflict. *Compare, e.g., Ascher v. Gutierrez*, 66 F.R.D. 548 (D.D.C.1975) (filing of supersedeas bond retroactively stays antecedent supplementary proceedings); *Sheldon v. Munford*, 128 F.R.D. 663, 665–66 (N.D.Ind.1989) (same) *with Imperial Commodities Corp. v. S.S. Maria Auxiliadora*, 115 F.R.D. 305 (S.D.N.Y.1987) (filing of supersedeas bond does not retroactively stay antecedent supplementary proceedings);

*Larry Santos Prods. v. Joss Org.*, 682 F.Supp. 905 (E.D.Mich.1988) (same); *Secure Eng'g Servs., Ltd. v. International Tech. Corp.*, 727 F.Supp. 261, 264–65 (E.D.Va.1989) (same).

Considering the authority on this issue, the Court finds that the filing of a supersedeas bond should not retroactively stay antecedent supplementary proceedings. Neither federal nor Illinois law expressly authorizes that initiated supplementary proceedings be retroactively stayed by the filing of a supersedeas bond. Indeed, at least one court has noted that, "allowing retroactive stays would enable a judgment debtor to delay the filing of a bond until threatened by the efforts of a creditor to execute upon the judgment, and then benefit from the bond as though it had been filed before execution was attempted." *Larry Santos*, 682 F.Supp. at 906.

Here, after the tolling of the 10 day automatic stay pursuant to Fed.R.Civ.P. 62(a), Plaintiffs had a right to initiate supplementary proceedings prior to the posting of an approved supersedeas bond. Plaintiffs put the judgment debtor on notice of their intention to exercise their rights as early as February 5, 1998 (*see* Pl. Resp., Ex. A), and waited over two more months before exercising those rights. The Court agrees with Plaintiffs that the judgment debtor here sacrificed its right to limit Plaintiffs' security by failing to seek a stay in a timely manner.

That said, Plaintiffs concede that further pursuit of the Citations here will merely give them "double protection." Indeed, it does not appear that Plaintiffs bear much of a present risk that they will not collect the full amount of the Judgment if affirmed on appeal considering the facts that: (1) there is now an ample appellate bond, and (2) the judgment debtors appear to have significant assets. As the Texas District Court aptly recognized, pursuing supplementary proceedings in this situation may merely constitute harassment and result in unnecessary time and money expended by both parties. For those reasons, Plaintiffs may want to pause and consider whether the ends of such a pursuit justify the means.

Although the pursuit of supplementary proceedings may be meaningless under the circumstances of the case, this Court has an obligation to consider the precedential effects of its rulings. Accordingly, to the extent that future parties are deterred from abusing the "bond system," this Court trusts that its time and consideration have not been wasted.[4]

### CONCLUSION

For the reasons stated above, Baine's and Northern's motions are denied, except that the stay of execution on the Judgment entered by the Texas District Court shall remain in effect.

---

**4.** The Court recognizes that there may be circumstances where it would be appropriate to retroactively stay prior supplementary proceedings upon the filing of an approved supersedeas bond, *e.g.*, in cases of fraud or breaches of agreements not to execute the judgment. *See Larry Santos,* 682 F.Supp. at 906. The Court is not persuaded that any such circumstance exists here.