MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff,

v.

Sam GOLDMAN, Defendant.

No. 76–852C(1).

United States District Court,
E. D. Missouri, E. D.

July 31, 1978.

See also 451 F.Supp. 223.

Henry D. Menghini, Harvey G. Schneider, Evans & Dixon, St. Louis, Mo., for plaintiff.

Stuart J. Radloff, Friedman & Fredericks, Clayton, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on the motion of plaintiff for a temporary injunction. For the reasons stated below, plaintiff's motion will be granted and an injunction issued.

This cause was earlier tried to the court. Plaintiff sued defendant for losses it incurred in trading futures contracts in his behalf. Defendant counterclaimed for fraud.

On May 8, 1978, the Court entered judgment in plaintiff's favor of $119,145.00 plus interest on its claim against defendant. It further granted judgment to plaintiff on defendant's counterclaim.

On June 6, 1978, defendant filed his notice of appeal. He did not, however, file a supersedeas bond.

■ "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay [of proceedings to enforce a judgment] . . ." Rule 62(d), F.R.C.P. If no bond is filed the status quo is not preserved and the judgment creditor may proceed to satisfy the judgment.

Because no bond was filed, plaintiff proceeded to examine the assets of defendant. It was discovered that defendant deeded by gift a valuable parcel of property to a girlfriend. Plaintiff also discovered that defendant withdrew most of his money in his savings accounts and purchased four book entry treasury bills in lots of $120,000, $50,000, $25,000 and $10,000. Plaintiff then tried to register its judgment in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1963. The clerk, however, refused to accept and register it stating that it was not "final" within the meaning of Section 1963. *Abegglen v. Burnham*, 94 F.Supp. 484 (C.D.Utah 1950).

The plaintiff then issued a writ of garnishment to the Federal Reserve Bank of St. Louis. The bank, through its attorneys, stated that book entry treasury bills cannot be garnished or otherwise reached because the bank neither holds such treasury bills nor any evidence of indebtedness of the United States Government.

Plaintiff next alleges that 31 C.F.R. § 350.16 states that the U.S. Treasury will not honor or comply with a garnishment or other court order concerning the ownership or transfer of ownership of a book entry treasury bill. To effect a transfer the depository owner must make a certified request.

Defendant has no other known assets. Because plaintiff has been unable to satisfy its judgment and because defendant has illustrated a willful desire to avoid satisfaction of the judgment by not filing a supersedeas bond, by deeding by gift a valuable parcel of land, and by purchasing treasury bills which cannot be attached, the Court will grant plaintiff's motion. Defendant will not be allowed to avoid the plaintiff's right to satisfy its judgment.

■ Rule 65 provides that a temporary injunction may be issued when there is a

reasonable likelihood of success upon the merits, lack of adequate remedy at law, the prospect of irreparable harm and a less significant hardship on the party enjoined. *Banks v. Trainor*, 525 F.2d 837, 841 (7th Cir. 1975) *cert. denied*, 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976). No one factor is determinative and the District Court is given discretion to fashion suitable temporary relief. Id.

It is clear that plaintiff has exhausted his legal remedies. It is further clear that plaintiff could suffer irreparable harm. Defendant has refused to file a supersedeas bond and has converted or given away his assets in attempt to prevent execution.

 Finally, there will be little hardship to defendant if ordered to not cash or transfer the bills. Therefore, since plaintiff is without an adequate legal remedy, equitable relief is appropriate. *Ball v. Peper Cotton Press Co.*, 141 Mo.App. 26, 121 S.W. 798 (St. Louis 1909). The Court will order defendant not to cash or transfer his ownership in the bills. Plaintiff has already posted bond in the amount of $10,000.00, which is sufficient. The Court will order defendant to cash the bills and pay the proceeds over to plaintiff in an amount sufficient to satisfy the judgment. This order will be stayed pending appeal. Pending the final judgment of the Court of Appeals, the defendant will be ordered to deposit his receipts for the treasury bills with the clerk of this court in an amount sufficient to pay the judgment, interest and costs, i. e. $130,-000.00.