In re BUCYRUS GRAIN COMPANY, INC. Debtor,

STATE BANK OF SPRING HILL, Claimant–Appellant,

v.

BUCYRUS GRAIN COMPANY, INC. Debtor,

and

Carl Edward Anderson and Robert Emmett Anderson, Appellees.

Civ. A. No. 88–2627–0.

United States District Court, D. Kansas.

April 22, 1991.

Carl Maxwell Logan, Shook, Hardy & Bacon, Overland Park, Kan., for debtor.

Thomas L. Griswold and David R. Smith, Payne & Jones Chartered, Overland Park, Kan., for appellant.

Frederick B. Farmer, Lowe, Farmer, Bacon & Roe, Olathe, Kan., for appellees.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes to the court on the motion of State Bank of Spring Hill (hereinafter "Spring Hill") for stay of a writ of execution. Spring Hill requests the court to stay a writ of execution issued by the Clerk of the United States Bankruptcy Court on March 13, 1991. The writ was to be served by the United States Marshal to collect on a judgment entered by Judge Benjamin E. Franklin in appellees' favor on December 12, 1988. Spring Hill has also filed a motion for approval of a supersedeas bond or letter of credit. For the reasons stated below, the court will deny Spring Hill's motions for a stay and approval of supersedeas bond or letter of credit.

In a memorandum and order issued by the Bankruptcy Court on December 12, 1988, a judgment was entered in favor of Carl E. Anderson and Robert E. Anderson doing business as the Anderson Brothers (hereinafter "Anderson Brothers") and against Spring Hill. The bankruptcy award of judgment in the sum of twenty-five thousand dollars ($25,000.00) plus interest at the legal rate from November 20, 1986 was in response to a judgment of reversal entered by the district court on June 14, 1988, and the court's remand instructions.

As instructed, the Bankruptcy Court determined the Anderson Brothers' net equity claim to be twenty-five thousand dollars ($25,000.00) to be paid from the Bucyrus Grain Company account on deposit with the State Bank of Spring Hill. The Bankruptcy Court further found that the Anderson Brothers' claim need not be paid on a pro-rata basis since there were no other commodity customers of the Bucyrus Grain Company (hereinafter "Bucyrus") who would be entitled to share in the customer property on deposit in the Bucyrus account retained by Spring Hill.

The judgment was appealed to the District Court and the Tenth Circuit. The appeal before the Court of Appeals was dismissed on jurisdictional grounds. 905 F.2d 1362. The appeal before the district court is pending. Over two years after the Bankruptcy Court's judgment was entered, Anderson Brothers filed a motion for a writ of execution on the judgment entered in its favor. In an effort to collect the judgment, Anderson Brothers requested that the Clerk of the Bankruptcy Court issue a writ of execution. The Bankruptcy Clerk issued a writ to be served by the United States Marshal on March 13, 1991.

Frederick B. Farmer (hereinafter "Farmer"), counsel for Anderson Brothers, was out of town when the Marshal appeared at

Spring Hill State Bank on March 13. Spring Hill's counsel requested the consent of Farmer's office to stay enforcement of the writ. Since Farmer's office staff did not know the status of the case, a member of his office agreed with Spring Hill's counsel to allow the Marshal to leave the bank premises without collection and that the matter would be argued before Judge Franklin the following week. Thereafter, on March 21, 1991, Spring Hill filed its motions to stay execution and approval of bond with the Bankruptcy Court.

■ On March 27, 1991, counsel for Spring Hill and Anderson Brothers presented oral argument to the United States Bankruptcy Court on appellant's motions pursuant to an order entered by Judge Franklin on March 21, 1991, for an expedited hearing. Judge Franklin denied the motion for approval of supersedeas bond[1] or letter of credit and conditionally stayed the writ of execution to permit a ruling by this court on Spring Hill's motion for stay, provided that the bank refile its motions in the district court by 5:00 P.M. on April 5, 1991. In this procedural setting, Spring Hill has refiled its motions and now requests that this court issue a stay of execution.[2]

■ As noted above, Spring Hill appealed the judgment entered by the Bankruptcy Court on December 12, 1988. When appeal is taken, the appellant may obtain a stay by giving a supersedeas bond. Fed.R. Civ.P. 62(d).[3] The purpose of a supersedeas bond is to secure an appellee from loss resulting from a stay of execution. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986); *Moore v. Townsend*, 577 F.2d 424, 426–27 (7th Cir.1978); *Lamon v. City of Shawnee, Kansas*, 758 F.Supp. 654, 655 (D.Kan.1991).[4] The theory underlying Rule 62(d) is that one should not be put to the expense of defending its

---

1. A supersedeas is a suspension of the power of the court below to issue an execution of judgment. *See, e.g. Hovey v. McDonald*, 109 U.S. 150, 159, 3 S.Ct. 136, 141, 27 L.Ed. 888 (1883); *C.H. Sanders Co., Inc. v. BHAP Housing Dev. Fund Co., Inc.*, 750 F.Supp. 67, 72 (E.D.N.Y. 1990). A supersedeas bond is required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful. *See* Fed.R.Civ.P. 62(d); *Black's Law Dictionary* 1289 (5th ed. 1979).

2. Spring Hill asks this court to exercise discretion conferred under Bankruptcy Rule 8005 and stay the writ of execution issued by the Bankruptcy Court. The bank's reliance on Rule 8005 is misplaced. Spring Hill is relying on the second sentence of the rule. The second sentence of Rule 8005 states in pertinent part that "the *bankruptcy court* may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal ..." The Advisory Committee note to this Rule states:

   The first, third, and fourth sentences of the Rule are adaptions of Rule 8(a) and (b) Fed.R. App.P. The second sentence of the rule is derived from § 39(c) of the Bankruptcy Act and confers *on the Bankruptcy Judge* discretion respecting the stay of continuation of other proceedings in the case while an appeal is pending.

   Bankr. Rule 8005 Adv. Comm. Note (emphasis added). Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 362(c), merely provides for the duration of an automatic stay after a petition has been filed with the Bankruptcy Court.

3. Bankruptcy Rule 7062 provides that Rule 62 of the Federal Rules of Civil Procedure applies to adversary proceedings. The full text of subsection (d) of Rule 62 states as follows:

   When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subsection (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. *The stay is effective when the supersedeas bond is approved by the court.*

   Fed.R.Civ.P. 62(d) (emphasis added).

4. This court has inherent discretionary power in setting supersedeas bonds. *Harris Mkt. Research, Inc. v. Marshall Mktg. and Communications, Inc.*, 1990 WL 133484, No. 86–2491–S, slip op. at 1 (D.Kan. Aug. 8, 1990); *In re Olson*, 1990 WL 5725, No. 86–4138, slip op. at 1 (D.Kan. Jan. 5, 1990). When setting a supersedeas bond, the court should seek to protect the judgment creditors as fully as possible without irreparably harming the judgment debtors. *Miami Int'l Realty Co. v. Paynter, supra*, 807 F.2d at 873; *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154–55 (2d Cir.1986), *rev'd on other grounds*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). The court generally sets a supersedeas bond pursuant to Local Rule 221 in the amount of the judgment plus 25% of that amount to cover interest and any award of damages for delay. *See White v. Gen. Motors Corp.*, 1989 WL 161430, No. 88–2053–S, slip op. at 1 (D.Kan. Dec. 20, 1989).

judgment on appeal unless the adverse party has taken reasonable steps to assure that the judgment will be paid if it is affirmed. *Lightfoot v. Walker,* 797 F.2d 505, 507 (7th Cir.1986).

 When a supersedeas bond and stay are not obtained within the automatic ten-day stay period provided by subsection (a) of Rule 62, an appellee may execute judgment or initiate other proceedings for enforcement. *Kaplan v. Hirsh,* 696 F.2d 1046, 1047–48 (4th Cir.1982); *Merrill Lynch v. Goldman,* 80 F.R.D. 70, 71 (E.D. Mo.1978); *Printing & Paper Trades v. Cuneo E. Press,* 72 F.R.D. 588, 591 (E.D.Pa. 1976), *aff'd,* 549 F.2d 796 (3d Cir.1977); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2905 (1973). In the absence of a stay obtained in accordance with Rule 62(d), the appellee may secure rights which cannot be dislodged by a subsequent stay. *United States v. $2,490.00 in U.S. Currency,* 825 F.2d 1419, 1421 (9th Cir. 1987); *In the Matter of Leach,* 1989 WL 124600, No. 89–2042A–S, slip op. at 1 (D.Kan. Oct. 12, 1989); *see also* 7 J. Moore, *Moore's Federal Practice* ¶ 62.06 (2d ed. 1991) (subsequent stay is not retroactive and does not invalidate prior proceedings or levies).

 In the present action, Spring Hill had the opportunity to seek approval of a supersedeas bond following the entry of judgment by the Bankruptcy Court on December 12, 1988. Such action would have deprived Anderson Brothers of the immediate benefits of its judgment. The bank failed to do so, however, until after a writ of execution was issued by the Bankruptcy Court on March 13, 1991. Further, there is no indication that Anderson Brothers is or will be insolvent. If Spring Hill had a genuine fear that Anderson Brothers would not be able to repay in the event of a reversal or vacation of judgment, the bank should not have waited over two years to file its motion for a stay. Anderson Brothers has taken action to collect a judgment that was entered in its favor. Spring Hill's subsequent request to stay execution of the writ comes too late. Such a stay would not be retroactive and would not invalidate prior proceedings. Accordingly, the court will deny the appellant's motions for a stay of the writ of execution and approval of supersedeas bond or letter of credit.

IT IS THEREFORE ORDERED that the motions of State Bank of Spring Hill (Doc. Nos. 13 and 15) for a stay of the writ of execution and approval of supersedeas bond or letter of credit are hereby denied.

IT IS FURTHER ORDERED that State Bank of Spring Hill deliver the sum of $31,816.86 plus $4.93 per diem interest after March 11, 1991, until date of delivery, to the United States Marshal, all in accordance with the direction of the Writ of Execution issued March 13, 1991.