**RIBBENS INTERNATIONAL, S.A. de C.V., Plaintiff,**

v.

**TRANSPORT INTERNATIONAL POOL, INC., d.b.a., GE Capital Modular Space, Inc., Defendant.**

**Transport International Pool, Inc., d.b.a., GE Capital Modular Space, Inc., Counterclaimant,**

v.

**Ribbens International, S.A. de C.V., Counterdefendant.**

**No. ED CV 94–23 RT (BQRx).**

United States District Court, C.D. California.

March 29, 1999.

James Attridge, Shawn, Mann & Steinfeld, L.L.P., San Francisco, CA, Samuel T. Rees, Daar & Newman, Los Angeles, CA, for plaintiff and counter–defendant.

Barbara A. Reeves, Paul, Hastings, Janofsky & Walker, L.L.P., Los Angeles, CA, James F. Elliott, Irell & Manella, L.L.P., Los Angeles, CA, for defendant and counter–claimant.

## ORDER DENYING DEFENDANT TRANSPORT INTERNATIONAL POOL, INC.'S EX PARTE APPLICATION FOR ENFORCEMENT OF SUPERSEDEAS BOND AND STAY OF EXECUTION.

TIMLIN, District Judge.

On October 30, 1998, a jury in this Court found defendant Transport International Pool, Inc. (TIP) liable for breach of contract to plaintiff Ribbens International, S.A. de C.V. (Ribbens International) and awarded Ribbens International net damages of $351,000. On January 12, 1999, the Court entered judgment against TIP in the amount of $477,888.22, which figure includes prejudgment interest.

Under Rule 62(a) of the Federal Rules of Civil Procedure (Rule 62(a)), execution on the judgment was then automatically stayed for 10 days. On February 22, 1999, well after the expiration of the automatic stay period, the Court issued a writ of execution of judgment to Ribbens International.

On Friday, March 5, 1999, the Court denied TIP's various post-trial motions, including TIP's motion for a new trial, and TIP's motion for stay of execution. Also on Friday March 5, 1999, Ribbens International served a Notice of Levy under Writ Execution and a Memorandum of Garnishee on third party Burlington Northern and Santa Fe Railway Company (Burlington Northern), in an attempt to execute judgment by collecting funds owed by Burlington Northern to TIP.

On Monday, March 8, 1999, the Court approved a supersedeas bond in the amount of $1,000,000 (the bond) and stayed the action pending appeal. The Court also ordered that its approval of the bond would have the effect of extinguishing any then-existing liens, but declined to rule on the effect that the Court's approval of the bond would have on the levy previously served upon Burlington Northern.

TIP now applies ex parte for an order declaring that Ribbens International must cease its efforts to execute upon the judgment and further declaring that Burlington Northern has no obligation to comply with the "lien" served on it on March 5.[1] Ribbens International opposes the application.

---

1. Although the proposed order submitted by TIP refers to the levy served upon Burlington Northern as a lien, presumably in an attempt to obtain the benefit of the Court's March 8 order extinguishing all pre-existing liens held by Ribbens International on the property of TIP, it is clear from both the briefing concerning the instant application and the transcript of the March 8 hearing that the Court and the parties did not intend or expect the Court's March 8 order to have any effect on the levy and notice of garnishee served by Ribbens International on Burlington Northern. The terms "lien" and "levy" are not self-defining, and must be considered in light of the underlying enforcement of judgments regime. California law authorizes numerous types of liens that are created through different procedures and have different legal effects. *See Grothe v. Cortlandt Corp.,* 11 Cal.App.4th 1313, 15 Cal. Rptr.2d 38 (1992) (discussing judgment liens, mortgage liens, and execution/attachment liens). For present purposes, the relevant distinction is that between a judgment lien— which attaches to all real or personal property owned by the judgment debtor in the state or in the county in which the judgment lien is recorded, *see* Cal.Code Civ.P. §§ 697.510 & 697.540 (personal property) and Cal.Code Civ.P. §§ 697.310 & 697.340 (real property)— and a levy, which applies to specifically identified property. *See Grothe,* 11 Cal.App.4th at 1320–21, 15 Cal.Rptr.2d at 42–43 ("After obtaining a judgment lien, the creditor must take additional steps to collect on the judgment, and the usual method is to levy on specific property by writ of execution."). The Court's March 8 order extinguished unlevied judgment liens, but, as will be explained, had no effect on the levy of Burlington Northern-held TIP property served by Ribbens International on March 5.

■ The Court agrees with TIP that it has jurisdiction to hear and decide this ex parte application for enforcement of the supersedeas bond and stay of execution (application) despite the fact that a notice of appeal has been filed in this Court. *See Sheldon v. Munford, Inc.,* 128 F.R.D. 663, 665 (N.D.Ind.1989) ("[T]his Court has jurisdiction to regulate the collection proceedings including the enforcement of the supersedeas bond ... [despite the pending appeal]."); *United States v. York,* 909 F.Supp. 4, 9 (D.D.C.1995) ("The Court has continuing jurisdiction to protect and enforce its judgments."); *see also Red Ball Interior Demolition Corp. v. Palmadessa,* 947 F.Supp. 116 (S.D.N.Y.1996) (district court retains jurisdiction to hear contempt motion regarding order subject to appeal).

Rule 69(a) of the Federal Rules of Civil Procedure (Rule 69(a)) provides that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." TIP relies on this provision in arguing that California law governs the effect of the Court's approval of the bond in this action. TIP argues that, under California law, Court approval of a supersedeas bond has the effect of extinguishing pre-existing levies and garnishment proceedings.

■ Under the rule, however, state law applies only to the extent no federal statute is applicable. Thus, where a federal rule of civil procedure directly addresses the relevant judgment execution issue, such rule must be considered "a statue of the United States [that] governs...." *See Schneider v. National Railroad Passenger Corp.,* 72 F.3d 17, 19 (2d Cir.1995) ("Rule 69(a) adopts state procedures for execution only to the extent that they do not conflict with any applicable 'statute of the United States.' This term includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes."); *Oklahoma Radio Associates v. Federal Deposit Insurance Corp.,* 969 F.2d 940, 942 (10th Cir.1992) (Federal Rules of Civil Procedure are "statutes of the United States" within the meaning of Rule 69(a)); *Elias Brothers Restaurants, Inc. v. Acorn Enterprises, Inc.,* 931 F.Supp. 930, 938 (D.Mass.1996) ("In the instant case, it is unnecessary to resort to state law ... [under Rule 69(a) ] because there is a federal statute that controls, to wit, Fed. R.Civ.P. 62(a)."). *See also Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221, 1226 (7th Cir.1993) ("The reference in Rule 69(a) to applicable federal statutes appears to refer to federal statutes *expressly governing execution,* a category that would presumably comprehend any rule regulating execution, such as Rule 62(a), but not the rules of procedure in gross.") (citation omitted).

■ Thus, the Court concludes that Rule 62(d) of the Federal Rules of Civil Procedure (Rule 62(d)) is a governing "statute of the United States" within the meaning of Rule 69(a), because Rule 62(d) expressly governs supersedeas bond approval and the effect thereof. Accordingly, California law, whatever its precise content on this point, will not be applied.[2]

2. TIP also argues that Rule 62(f) of the Federal Rules of Civil Procedure (Rule 62(f)) mandates application of California law. Rule 62(f) provides that "[i]n any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state."

This provision does not apply because California is not a state in which a judgment is automatically a lien upon the property of the judgment debtor. Rather, under California law a judgment creditor must record the judgment or an abstract thereof in order to transform a judgment into a lien on property. *See California Code Civ.Proc.* §§ 697.060 & 698.310 (judgment lien is "created" by recordation); *Aldasoro v. Kennerson,* 915 F.Supp. 188 (S.D.Cal.1995) (California does not quali-

Rather, the issue is one of the proper interpretation of Rule 62(d), which is a question of federal law. Rule 62(d) provides:

Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule [concerning injunctions, receivership, and patent infringement]. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved.

The Court concludes that this language cannot be read to give the supersedeas bond retroactive application regarding pre-existing levies. The final sentence of the rule is clear and unambiguous: The stay becomes effective when the bond is approved; before the bond is approved there is no stay and the judgment creditor is free to execute upon the judgment. *See Business Guides v. Chromatic Communications,* 498 U.S. 533, 540–41, 111 S.Ct. 922, 928, 112 L.Ed.2d 1140 (1991) (" 'We give the Federal Rules of Civil Procedure their plain meaning.' As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous.") (quoting *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 123, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989)).

Rule 62 of the Federal Rules of Civil Procedure sets up a fairly comprehensive scheme, providing for an automatic stay period, *see* Rule 62(a), incorporating state law in a narrow class of property lien cases, *see* Rule 62(f), mandating special treatment of proposed stays of injunctive relief, *see* Rule 62(c), and specifically addressing stay issues where the United States is a party, *see* Rule 62(e), or where there are multiple claims or parties, *see* Rule 62(h). The Rule also specifically preserves the expansive powers of the Courts of Appeals to stay proceedings, suspend, modify, restore or grant injunctive relief, or "to make any order appropriate to preserve the status quo or the effectiveness of the judgment ..." during the pendency of the appeal. *See* Rule 62(g). The absence of any reference to retroactive extinguishment of pre-existing execution efforts in Rule 62(d), in the context of this relatively detailed procedural scheme, further supports the conclusion that no such effect was intended. *See U.S. Dep't of Energy v. Ohio,* 503 U.S. 607, 630, 112 S.Ct. 1627, 1641, 118 L.Ed.2d 255 (1992) (Whit, J., concurring in part and dissenting in part) ("It is axiomatic that a statue should be read as a whole."); *Hamlin v. Charter Township of Flint,* 181 F.R.D. 348, 351 (E.D.Mich.1998) ("The framework of Rule 62(d) represents a balancing of both parties' interests, in that it preserves the status quo while also protecting the appellee's rights.").

Accordingly, were this a matter of first impression, the Court would have no difficulty in concluding that Rule 62(d) does not provide for retroactive extinguishment of pre-existing levies. The issue is not, however, one of first impression, and in fact numerous courts have addressed the precise question presented by the instant motion. Some cases have held or stated in dicta that a Rule 62(d) stay operates retroactively to extinguish pre-existing liens, levies, attachment or garnishment proceedings, *see Sheldon,* 128 F.R.D. at 665–66 (lien on title retroactively extinguished); *Imperial Commodities v. S.S. Maria Auxiliadora,* 115 F.R.D. 305 (S.D.N.Y.1987) (stating in dicta that Court believed levy should be retroactively extinguished by posting of bond, but not reaching issue due to perceived jurisdictional defect); *Ascher v. Gutierrez,* 66 F.R.D. 548 (D.D.C.1975) (exercising discretion to quash pre-bond attachment).

fy under Rule 62(f)); *see also In re McDonell,* 204 B.R. 976 (BAP 9th Cir.1996) ("[A] properly filed certified copy of a federal judgment will create a judgment lien on real property. . . .").

The great weight of recent authority, however, supports the Court's conclusion that a pre-bond levy is not automatically extinguished by operation of law upon the Court's approval of a Rule 62(d) supersedeas bond. *See Laborers Nat'l Pension Fund v. ANB Investment Mgmt. & Trust Co.*, 26 F.Supp.2d 1048, 1051 (N.D.Ill.1998) ("Considering the authority on this issue, the Court finds that the filing of a supersedeas bond should not retroactively stay antecedent supplementary proceedings."); *Moses v. K–Mart Corp.*, 922 F.Supp. 600, 604 (S.D.Fl.1996) ("Until K–Mart finally posted its supersedeas bond, Plaintiffs were well within their rights in enforcing their valid writ of execution."), *aff'd in part and rev'd in part*, 136 F.3d 140 (11th Cir.1998) (table); *Johns v. Rozet*, 826 F.Supp. 565, 568 (D.D.C.1993) ("This Court does not have the authority to grant a stay where garnishment proceedings have already been commenced before the request for a stay was made."); *In re Bucyrus Grain Co.*, 127 B.R. 52, 55 (Bankr.D.Kan.1991) ("In the absence of a stay obtained in accordance with Rule 62(d), the appellee may secure rights which cannot be dislodged by a subsequent stay."); *Secure Engineering Servs., Ltd. v. International Technology Corp.*, 727

F.Supp. 261 (E.D.Va.1989) (neither Virginia law nor Rule 62(d) provides for a retroactive stay of garnishment proceeding)[3]; *Larry Santos Productions v. Joss Organization, Inc.*, 682 F.Supp. 905, 906 (E.D.Mich.1988) ("[U]ntil a bond is filed, the stay which is conditioned on such a bond is inoperative.... Furthermore, to allow retroactive stays would enable a judgment debtor to delay the filing of a bond until threatened by the efforts of a creditor to execute upon the judgment, and then benefit from the bond as though it had been filed before execution was attempted."). *See also United States v. York*, 909 F.Supp. 4 (D.D.C.1995) (district court may retroactively quash attachment after filing of notice of appeal and approval of supersedeas bond where the attachment was itself defective as a matter of law for reasons unrelated to the filing of the appeal or the approval of the bond).[4]

TIP asserts that it "was specifically instructed repeatedly by the Court not to post a bond until ordered to do so by the Court, and that if such a bond became necessary, the Court would notify TIP." In addition, TIP claims that Ribbens International's trial counsel "assured" TIP that the judgment would not be executed upon

---

3. TIP attempts to distinguish *Secure Engineering* on the grounds that California law, unlike Virginia law, does allow for a retroactive stay of garnishment proceedings. As the Court has explained, California law does not apply to the instant motion. In addition, TIP's analysis of *Secure Engineering* is flawed, in that the *Secure Engineering* Court made clear its conclusion that *neither* Rule 62(d) nor Virginia law provided for a retroactive stay of garnishment proceedings.

4. The Ninth Circuit has not decided the issue (which should be obvious given the Court's extensive reliance on foreign authority) despite Ribbens International's claim that *United States v. $2,490,000 in U.S. Currency*, 825 F.2d 1419 (9th Cir.1987), resolves the issue. *$2,490,000* was an in rem forfeiture proceeding. After judgment was entered in favor of the United States, claimant Monroe filed a notice of appeal. He did not obtain a stay of execution, however, and the United States executed on the judgment, transferring the subject funds to the United States Treasury.

The Ninth Circuit observed that, where subject matter jurisdiction is in rem, "[t]he release or removal of the res from the control of the court will terminate jurisdiction, unless the res is released accidentally, fraudulently, or improperly." *Id.* at 1420. The Ninth Circuit did observe that posting a bond pursuant to Rule 62(d) would not resurrect the claimant's appeal, because once the claimant "failed to post a bond and thus obtain a stay prior to the government's execution of the forfeiture judgment, his power to do so has dissolved." *Id.* at 1421. This anti-retroactivity statement, however, must be read in light of the fact that *$2,490,000* was an in rem case. Once the res was deposited into the United States Treasury, the Court lacked subject matter jurisdiction to take any action, including approving a supersedeas bond. *But see United States v. One Lot of $25,721.00 in Currency*, 938 F.2d 1417 (1st Cir.1991) (declining to follow Ninth Circuit rule and holding that no bond need be posted to appeal a forfeiture judgment).

until after the Court ruled on TIP's motion for a stay of execution. The Court is not persuaded by these "equitable" arguments for extinguishment of the levy.

As an initial matter, these assertions are made in the body of TIP's moving and reply papers, and are not set forth in a declaration as they properly should be. Second, the Court has consulted with its clerk's office and concludes that TIP was never directed not to post a bond, but rather was simply told that a supersedeas bond could only be accepted for filing if approved by the Court. Third, it is not clear from the papers before the Court whether the March 5, 1999 levy was served upon Burlington Northern before or after the Court ruled on TIP's motion to stay execution on that same day. Finally, even if the notice of levy was served prior to the Court's ruling on TIP's motion for a stay of execution, such fact would not persuade the Court to retroactively dissolve that levy. To the extent there was no stay of execution of judgment in effect on Friday March 5, which TIP concedes was the case, Ribbens International had the legal right to attempt to execute on its judgment against TIP. *See Secure Engineering*, 727 F.Supp. at 265 ("While [defendant's equitable] argument is compelling, other equitable considerations also exist which weigh in favor of permitting the garnishments to go forward. The plaintiffs served their writs of garnishment only after their right to do so had vested. The plaintiffs have obtained a valid judgment in their favor. They did not attempt to execute the garnishments until after the ten day stay had expired. In fact, they delayed serving the garnishments until after post-trial motions had been fully argued and decided."). The execution of judgment structure set up by the Federal Rules of Civil Procedure does, to a certain extent, reward the quickest party to take legally effective action concerning a pending judgment. *See Moses*, 922 F.Supp. at 604 ("Once the automatic stay provisions of

FRCP 62(a) have expired, the enforcement of a judgment becomes a race between Plaintiff (seeking to seize assets to secure a judgment) and Defendant (posting an approved supersedeas bond to avoid the embarrassment of public seizure)."). The Court is powerless to change this legal reality, and will not invoke its general equitable authority to enable TIP to avoid it.

The Court will deny TIP's application. There is no suggestion that Ribbens International is violating this Court's stay order in any manner other than through the levy proceedings discussed above. The Court concludes that Ribbens International's enforcement of a levy served before the Court's approval of TIP's supersedeas bond does not violate the stay associated with that bond. Consequently, there does not appear to be any need for the Court to take any action to enforce its previous stay order.[5]

ACCORDINGLY, IT IS ORDERED THAT:

Transport International Pool, Inc.'s application for enforcement of the supersedeas bond and stay of execution is denied.

---

**5.** Finally, the Court does not consider in this order the legality or procedural regularity of the Notice of Levy served by Ribbens Interna-

tional on Burlington Northern. This issue was not briefed by the parties.