Kevin KOCHER, Appellant–Defendant,

v.

Alva Lynne GETZ, Appellee–Plaintiff.

No. 35A02–0507–CV–654.

Court of Appeals of Indiana.

March 24, 2006.

Josef Musser, Kyle C. Persinger, Spitzer Herriman Stephenson Holderread Musser & Conner, Marion, IN, Attorneys for Appellant.

Mark C. Guenin, Emily C. Guenin, Guenin Law Office, Wabash, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Kevin G. Kocher appeals the trial court's judgment allowing

appellee-plaintiff Alva Lynne Getz to execute the appeal bond to satisfy the unpaid balance of the judgment for personal injury damages previously entered. In particular, Kocher argues that the trial court erred in releasing the full amount of the appeal bond to Getz where Getz had agreed not to execute or enforce the judgment against Kocher but instead to attempt to recover the amount in a bad faith action against Kocher's insurance company.

Finding, among other things, that Getz is bound by the agreement and is, therefore, not entitled to collect the full amount of the appeal bond, we reverse the judgment of the trial court.

### FACTS [1]

In March 1996, Kocher and Getz were involved in a motor vehicle collision in Huntington County. Kocher was insured under a policy of automobile liability insurance with a liability coverage limit of $100,000 for injury to one person. In February 1998, Getz filed a complaint against Kocher for damages, alleging that she had suffered certain injuries and losses and incurred medical expenses as a result of the collision. After a jury trial in April 2002, the trial court entered judgment in favor of Getz in the amount of $250,000. Kocher appealed the judgment. On May 28, 2002, after Kocher filed his notice of appeal, Getz filed a Petition for Writ of Execution, a Verified Motion for Proceeding Supplemental to Execution, and a Petition for Contingent Filing of Appeal Bond.

On June 12, 2002, the parties entered into an Assignment Agreement and Covenant Not to Execute (Agreement), which provided that, in return for Kocher's assignment to Getz of any bad faith claim Kocher had against his insurer, Getz would not execute or enforce the judgment against Kocher for any amount in excess of the limits of Kocher's insurance coverage of $100,000. Specifically, the Agreement provides, in relevant part, as follows:

1. [Kocher] hereby assigns to [Getz] all of his rights and claims against the Insurance Company, existing because of its failure of good faith and fair dealings in refusing to settle [Getz's] claim against [Kocher] for the Policy Limits, by reason of which tortious conduct an excess judgment was rendered in favor of [Getz] and against [Kocher], as aforesaid.

2. In consideration of the foregoing argument, *[Getz] agrees that she will not levy an execution on, or in any other manner seek at any time to enforce, the Judgment against [Kocher], but will attempt exclusively to recover the amount of the balance due upon the Judgment in an action against [Kocher's] Insurance Company based upon the assignment executed herewith.*

3. The Agreement, and particularly [Getz's] covenant in the preceding paragraph not to levy on, or in any manner seek to enforce, the Judgment against [Kocher], is not intended and shall not be construed to release said Insurance Company from liability to [Kocher], and to [Getz] as his assignee, for the negligence, bad faith, or breach of contract on the part of said Insurance Company, resulting in the rendition of said judgment.

4. [Kocher] hereby transfers and assigns to [Getz] any privilege [Kocher] may have with respect to state-

---

1. We held oral argument on this matter in Indianapolis on January 31, 2006. We com-

mend counsel for their able oral and written presentations.

ments or reports furnished by [Kocher] to said Insurance Company with respect to the occurrence giving rise to the action in which said Judgment was rendered, together with the right to waive the same in any action instituted by [Getz] against said Insurance Company.

Appellant's App. p. 24–25 (emphasis added).

On June 27, 2002, following a hearing, the trial court granted a stay of execution of the judgment, but required Kocher to file an appeal bond in the full amount of the judgment—including interest and projected interest—$266,517.28. On June 28, 2002, Kocher's insurance company, United Farm Family Mutual Insurance Company (United Farm) filed a supersedeas bond in that amount. On appeal, this court reversed the trial court's judgment and remanded for a new trial on the issue of mitigation of damages. Getz sought and was granted transfer. On March 30, 2005, our Supreme Court affirmed the judgment of the trial court in *Kocher v. Getz*, 824 N.E.2d 671 (Ind.2005).

On April 1, 2005, Getz filed a praecipe for execution on the appeal bond in satisfaction of the outstanding judgment. Subsequently, on April 15, 2005, United Farm paid Getz $120,646.54—the balance of Kocher's insurance coverage with interest and costs—instead of the judgment's total amount of $266,517.28. Thereafter, Kocher moved for a release of the appeal bond. However, on May 19, 2005, the trial court denied Kocher's motion, stating as follows:

a. The sum of $108,519.21 has been deposited with the Clerk of the Court [of] Huntington County in partial satisfaction of the Judgment herein. Said amount is ordered paid to the Judgment Plaintiff.

b. The Appeal Bond in the amount of $266,517.28 which was established by Order of this Court on June 27, 2002, provided that in relevant part "(S)aid Appeal Bond shall continue during the pendency of the Appeal, and shall be applied to Plaintiff's Judgment as payment ..."

On June 28, 2002, [United Farm] posted a Supersedas [sic] Bond in the amount of $266,517.28. Said Bond provided that "... the Principal(s) shall satisfy the Judgment in full together with costs, interests, and damages, for delay, if for any reason the Appeal is dismissed or if the Judgment is affirmed ..."

Said [b]ond is ordered applied to the unpaid balance of the Judgment including interest and costs.

c. The remaining balance of the Appeal Bond in excess of the full payment on the Judgment is ordered released.

Appellant's App. p. 55. Kocher now appeals.

### DISCUSSION AND DECISION

Kocher contends that the trial court erred in ordering that Getz is entitled to recover the full amount of the judgment, which exceeds his insurance policy limits. He bases this argument primarily on the parties' Agreement, in which Getz agreed that she would not seek to recover any amounts beyond Kocher's policy limits in exchange for his assignment to her of a bad faith claim against United Farm.

As we consider this argument, we observe that the determination of the amount of an appeal bond lies within the discretion of the trial court, and we will only reverse upon an abuse of that discretion. *Kocher*, 824 N.E.2d at 675. But this appeal does not turn on the amount of the bond. Instead, it turns on whether the trial court properly ordered that Getz is entitled to execute against the bond in the full

amount of the judgment. We have been unable to locate any cases providing the standard of review for this precise situation, but we are persuaded that the trial court's determination regarding the execution of an appeal bond is within its discretion. *See Amwest Surety Ins. Co. v. State,* 750 N.E.2d 865, 867 (Ind.Ct.App.2001) (applying abuse of discretion standard to appeal regarding motions to be released from bail bonds). Accordingly, we will only disturb the trial court's ruling herein if we conclude that it abused its discretion.

### I. Law of the Case

 At the outset, we must address Getz's claim that the instant appeal is barred by the law of the case. In particular, Getz focuses on the following passage in our Supreme Court's opinion in *Kocher:*

> We understand the defendant to be claiming that the plaintiff's argument not to execute or otherwise enforce the judgment against the defendant personally, retaining the right to pursue the defendant's liability insurance company, constitutes a satisfaction of the judgment. But the entire judgment remains unpaid. There exists only the plaintiff's covenant not to execute on the judgment personally against the defendant but reserving the right to recover the judgment from the defendant's insurance company. This is not to say that, with our decision today affirming the judgment for damages, the plaintiff is necessarily entitled to recover the full $250,000 proceeds of the supersedeas bond at this time. *That issue, and the respective rights of the plaintiff, the surety, and the insurance company in the event the plaintiff is unsuccessful in recovering more than coverage limits in*

> *her prosecution of the assigned claim against the defendant's insurer, involve issues and parties not presented in the case now before this Court.*

824 N.E.2d at 675 (emphasis added). Under the law of the case doctrine, an appellate court's determination of a legal issue is binding both on the trial court on remand and on the appellate court in a subsequent appeal, given the same case with substantially the same facts. *Montgomery v. Trisler,* 771 N.E.2d 1234, 1238 (Ind.Ct. App.2002), *trans. denied.* All issues decided directly or implicitly in a prior decision are binding on all subsequent portions of the case. *Id.*

Our review of *Kocher* establishes that our Supreme Court merely held that the trial court did not abuse its discretion in determining the amount of the appeal bond. 824 N.E.2d at 675. But the *Kocher* court explicitly refrained from deciding the issue we are confronted with today, namely, whether Getz can recover the full amount of the appeal bond without having to prosecute the assigned bad faith claim against United Farm. Accordingly, because the issue was not decided in the parties' prior appeal, our review herein is not barred by the law of the case.[2]

### II. Standing and Intervention

Next, we turn to Getz's argument that Kocher does not have standing to bring this appeal because he is not the real party in interest, inasmuch as the principal on the bond is United Farm, not Kocher. Along the same lines, Getz contends that United Farm should have intervened in this case to protect its interests, and, having failed to do so, it is bound by the full amount of the appeal bond.

---

**2.** We agree with Getz that to the extent that Kocher argues that the trial court erred in setting the amount of the appeal bond, our review is barred by the law of the case. But

as noted above, our Supreme Court explicitly declined to consider the primary issue before us.

■ Initially, we observe that Getz filed a motion to dismiss Kocher's appeal on July 25, 2005, making the same arguments with respect to Kocher's standing and United Farm's failure to intervene. The motions panel denied Getz's motion on September 13, 2005, and we hereby reaffirm that denial. As to Kocher's standing, it is apparent that the fact that Kocher's name is listed on the caption is of no moment, inasmuch as United Farm is the actual party bringing, managing, and funding this appeal. The trial court recognized United Farm's presence during the proceedings:

> The—the ghost in the courtroom is [United Farm]. They are not here, but they are here. And we can say all we want about the technicalities and the back and forths, but [United Farm] is here and in fact is a party to the case. Uh, they have called shots uh, we all know that. We lawyers do anyway.

Appellant's App. p. 66. Moreover, we observe that Getz also admitted that United Farm is the catalyst behind this appeal: "[United Farm] is pursuing the appeal for their own self-interest and to the detriment of their insured's interests. However[, United Farm] continues to prosecute the appeal in the name of their insured, [Kocher]." Appellant's App. p. 27. While we acknowledge that it would have been preferable for United Farm to have substituted itself for Kocher as the party bringing this appeal, to hold that Kocher does not have standing is to elevate form over substance, which we shall not do. Accordingly, we conclude that Kocher has standing to pursue this appeal.

We turn next to Getz's argument that having failed to intervene in the case up to this point, United Farm is now precluded from doing so. But United Farm is not seeking to intervene—officially—in the case, and, as noted above, we are satisfied that it has maintained a consistent presence throughout these proceedings, albeit in the background. We acknowledge that the better practice would have been for United Farm to have intervened; but that it has not done so should not prevent Kocher from seeking appellate relief.

Getz argues that the following language from *Kocher* shows that the Supreme Court concluded that a determination involving execution against the appeal bond involved parties—i.e., United Farm—not present before that court in that matter:

> the respective rights of the plaintiff, the surety, and the insurance company *in the event the plaintiff is unsuccessful in recovering more than coverage limits in her prosecution of the assigned claim against the defendant's insurer,* involve issues and parties not presented in the case now before this Court.

*Kocher,* 824 N.E.2d at 675 (emphasis added). Getz omitted the emphasized language from her quotation, and we believe that language to be significant in interpreting our Supreme Court's intention. Indeed, it is apparent to us that the Supreme Court did not contemplate that Getz would recover the full amount of the judgment—and, hence, the appeal bond—*before* her prosecution of the assigned bad faith claim against United Farm. Thus, we are persuaded that this language does not imply that our Supreme Court considered it a requirement that United Farm intervene to properly appeal the trial court's order enabling Getz to execute against the full amount of the appeal bond.

Getz next argues that because United Farm failed to intervene, it is on the proverbial hook for the full amount of the appeal bond. According to Getz, because United Farm "chose" to expose itself to liability for the entire amount of the judgment rather than limiting it to the amount of Kocher's coverage—$100,000—and be-

cause it failed to intervene, it exposed itself to liability for the entire judgment plus interest. According to Getz, United Farm "chose to post $266,517.28 on the Appeal bond. [United Farm] or Kocher could have posted $100,000.00 towards the Appeal Bond and then left Kocher to [r]ely on the [Agreement] for the balance of the judgment." Appellee's Br. p. 15. To the contrary, however, the record reveals that the trial court *ordered* Kocher to either:

1. Submit to the Court for its examination a properly authorized and executed surety bond in the amount of $266,517.28 to guarantee payment of the Plaintiff's judgment herein, or

2. File an irrevocable letter of credit from a financial institution in the amount of $266,517.28 to guarantee payment of Plaintiff's judgment herein, or

3. Post money in the amount of $266,517.28 to guarantee payment of Plaintiff's judgment herein.

Appellant's App. p. 17–18. It is apparent that United Farm had no choice but to comply with the trial court's order. Accordingly, this argument must fail.

### III. Impact of the Agreement

Kocher contends that the trial court erred in ordering that Getz is entitled to the full amount of the appeal bond. In particular, Kocher argues that because of the Agreement, Getz is only entitled to collect the judgment to the extent of Kocher's insurance coverage, and that she must pursue a bad faith claim against United Farm to collect anything above and beyond $100,000 plus interest and costs.

As noted above, Kocher's insurance policy with United Farm covered only a portion of the judgment. Accordingly, Kocher and Getz executed the Agreement, pursuant to which Getz agreed that, in exchange for Kocher's assignment to Getz of his bad faith claim against United Farm, she

would not "levy an execution on, or in any other manner seek at any time to enforce, the Judgment against [Kocher], but will attempt exclusively to recover the amount of the balance due upon the Judgment in an action against [United Farm] . . . ." Appellant's App. p. 24.

Getz argues that while the Agreement protects Kocher, it does not protect United Farm because it was not a party thereto. Accordingly, the Agreement should not prevent Getz from seeking to execute the bond against United Farm rather than Kocher. But this argument misses the point, inasmuch as we must focus on who is *bound* by the Agreement, not who it protects. And Getz is clearly bound by the agreement. She agreed that she would only collect the judgment to the extent of Kocher's insurance coverage plus interest and costs, which she has done. She must now bring a bad faith claim against United Farm to collect anything above and beyond $120,646.54. To enable Getz to collect the full amount of the judgment when she executed a valid and binding contract in which she promised that she would not do so would be to ignore the Agreement's existence, which we cannot and shall not do.

We acknowledge that the purpose of a supersedeas bond is to guarantee that the plaintiff will be able to collect the judgment if the verdict is affirmed on appeal. *Sheldon v. Munford*, 128 F.R.D. 663, 666 (N.D.Ind.1989). But Getz's emphasis on this detail and her citation to cases throughout her brief ignores the most important part of this case, which is the existence of the Agreement. Thus, while it is true that an appeal bond guarantees the plaintiff's ability to collect the judgment, Getz has *already agreed* in a binding contract that she is only entitled to collect a portion of the judgment without pursuing the rights and action Kocher assigned

to her against United Farm. Because Getz is bound by the Agreement, she is not entitled to collect the full amount of the judgment in this proceeding.

Getz argues that because the Agreement contains a recital noting that "[t]here has been no filing of an Appeal Bond in favor of [Getz] by [Kocher] or [United Farm]," Appellant's App. p. 24, she "did not and could not have waived her rights to execute against an Appeal Bond posted by the insurer on behalf of Kocher." Appellee's Br. p. 11. But as we noted above, it is clear from the language of the Agreement that Getz agreed to collect the judgment only to the extent of Kocher's insurance coverage plus interest and costs. Above and beyond that amount, she is entitled to pursue Kocher's bad faith claim against United Farm. Thus, while Getz did not explicitly waive her right to execute against United Farm's appeal bond for the balance of the judgment, the terms of the Agreement extinguished her right to do so.

Getz next directs our attention to Indiana Trial Rule 62(D)(2), which relates to appeal bonds:

> Form of appeal bond. Whenever an appellant entitled thereto desires a stay on appeal, he may present to the appropriate court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interests, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award.

Getz argues that the "stated purpose of an Appeal Bond is to unequivocally and unconditionally pay the judgment [in full] in the event the judgment is affirmed." Ap-

pellee's Br. p. 14. But for Getz's purposes, the judgment has been paid in full as soon as she has collected the amount of Kocher's insurance coverage plus interest, which she has already done. Because Getz is bound by the Agreement, Trial Rule 62 is of no help to her.

■ Finally, we acknowledge the concern voiced by Getz at oral argument that because of the delay caused by Kocher's appeal, her bad faith claim against United Farm is now time-barred. But it is our determination that because United Farm joined with Kocher in this appeal, albeit unofficially, it has acknowledged that the statute of limitations on the claim has been tolled and is prohibited from arguing otherwise. Accordingly, should Getz choose to pursue the bad faith claim against United Farm, the statute of limitations will not bar her from doing so if she files the claim in a timely manner.

### CONCLUSION

In sum, we have concluded that Kocher's appeal is not barred by the law of the case, lack of standing, or United Farm's failure to intervene. We have also determined that by executing the Agreement, Getz is bound to her promises that she would only collect the judgment to the extent of Kocher's insurance coverage plus interest and costs and that she would bring the assigned bad faith claim against United Farm to collect anything above and beyond Kocher's policy limits. Inasmuch as United Farm has already paid to Getz the balance of Kocher's insurance coverage with interest and costs, she is not entitled to recover anything further and the appeal bond must be released in full to United Farm.

The judgment of the trial court is reversed and remanded with instructions to release the full amount of the appeal bond to United Farm.

MATHIAS, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

I respectfully dissent from the majority's opinion, reversing the trial court's decision. Instead of the lengthy analysis the majority engages in to reverse the trial court's judgment, I only find one issue to be dispositive in the case before us: whether Kocher has standing to bring this appeal. The standing analysis focuses on whether the complaining party is the proper person to invoke the court's power. *Scott v. Randle,* 736 N.E.2d 308, 315 (Ind. Ct.App.2000), *trans. denied.* The requirement assures that litigation will be actively and vigorously contested, as plaintiffs must demonstrate a personal stake in the litigation's outcome and must show they have sustained, or are in immediate danger of sustaining, a direct injury as a result of the defendant's conduct. *Id.*

In the instant case, Kocher no longer has a personal stake in the litigation's outcome. The record shows that Getz was awarded a judgment for an amount of $237,872.67, which, increased with interest, totaled $266,517.28. Upon Kocher appealing this judgment, Getz requested and was awarded an appeal bond in the total amount of the judgment. This appeal bond was posted by United Farm; Kocher is not listed as a principal on the bond. The bond also stipulates that as long as the principal does not satisfy the judgment in full, the obligation of the bond remains in full force and effect. (*See* Appellant's App. p. 19).

Furthermore, after Kocher filed his notice of appeal, Getz attempted to execute the judgment by filing a Petition for Writ of Execution. The record shows that in order to stall the execution, Kocher agreed to enter into the Agreement. This Agreement explicitly stipulated that in return for

Kocher's assignment of any bad faith claim Kocher had against his insurer, Getz would not enforce the judgment against Kocher in excess of the limits of Kocher's insurance coverage of $100,000.00. At the same time, in the Agreement, Kocher assigns his claim against United Farm to Getz in exchange for her consideration not to enforce the judgment against him but "attempt exclusively to recover the amount of the balance due upon the judgment against [United Farm]."

The record reflects that after remand of the instant case by the supreme court, United Farm deposited $108,519.21 in partial satisfaction of the judgment with the Clerk of the court in Huntington County. On May 19, 2005, the trial court ordered execution of the appeal bond to satisfy the unpaid balance of the judgment, with the remainder of the bond to be released.

Here, we fail to discern any injury to Kocher or danger of sustaining a direct injury as a result of Getz' execution on the appeal bond. *See Scott,* 736 N.E.2d at 315. Not only does Kocher fail to establish himself as a principal of the bond, he also assigned any rights he might have against United Farm to Getz. As we noted in *E & L Rental Equipment, Inc. v. Gifford,* 744 N.E.2d 1007, 1010 (Ind.Ct.App.2001), "after a cause of action is fully assigned, the assignor is no longer a proper party to sue and has no right of action."

The majority now attempts to circumvent the lack of standing by determining that "it is apparent that the fact that Kocher's name is listed on the caption is of no moment, inasmuch as United Farm is the actual party bringing, managing, and funding this appeal." Op. p. 1031. While acknowledging that it would have been better practice for United Farm to have intervened in this case, the majority's opinion appears to make light of Indiana's Trial Rules. By "not elevating form over

substance," the majority in effect makes Ind. Trial Rule 24, providing for the intervention of parties in an action, worthless and grants insurance companies the tool to ignore rules to which we hold others nonetheless accountable. *See* op. p. 1031. Referencing a partial sentence lifted from *Kocher v. Getz,* 824 N.E.2d 671, 675 (Ind. 2005), the majority reaches the sweeping conclusion that our supreme court somehow blessed this newly created exception to Trial Rule 24 for insurance companies.

Furthermore, in order to satisfy the "substance" of Trial Rule 24, and therefore also the "form," the majority finds it sufficient that an insurance company maintains "a consistent presence throughout [the] proceedings, [even] in the background." Op. p. 1031. Without requiring anything more, the majority has dramatically reduced a party's success in bringing a bad faith claim against an insurance company. The lack of a formal commitment through Indiana Trial Rule 24 while maintaining a mere lingering presence in the background, will encourage insurance companies to refuse participation at trial in lieu of a minimal watchful presence from afar to thwart bad faith claims.

Accordingly, because I conclude that Kocher has no standing to bring the instant appeal, I would affirm the trial court's judgment.