## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 03 2019, 9:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

J. David Agnew
New Albany, Indiana

ATTORNEYS FOR APPELLEE
LISA LIVINGSTON:

Crystal G. Rowe
Alyssa C.B. Cochran
New Albany, Indiana

ATTORNEY FOR APPELLEE
VIRGINIA WILSON:

William H. Mullis
Mitchell, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald Lewis,

*Appellant-Defendant,*

v.

Lisa Livingston, Linda Brison, as Personal Representative of the Estate of Teresa Lewis, Virginia Wilson, Founders Insurance Co., Safe Auto Insurance Co.

*Appellees-Plaintiffs.*

October 3, 2019

Court of Appeals Case No. 19A-CT-428

Appeal from the Clark Circuit Court

The Honorable Andrew Adams, Judge

Trial Court Cause No. 10C04-1506-CT-85

**Tavitas, Judge.**

## Case Summary

[1] Ronald Lewis appeals the trial court's denial of his motion to amend. We affirm.

## Issue

[2] The sole issue on appeal is whether the trial court erred in denying Lewis' motion to amend.

## Facts

[3] On November 4, 2014, a tragic incident occurred in Clark County. Teresa J. Lewis ("Teresa")[1] was riding with her brother, Ronald Lewis, in Lewis' vehicle.

---

[1] The record reveals that Teresa also went by the name "Jeanette"; however, for consistency, we will refer to her as "Teresa."

According to Lewis, at some point during the drive, a wheelbarrow fell out of the back of Lewis' truck. After realizing the wheelbarrow had fallen out of the truck, Lewis pulled over to the side of the road, and Teresa exited the vehicle in order to retrieve the wheelbarrow. While doing so, Teresa was tragically struck by at least one vehicle, which was driven by Lisa Livingston. Teresa's injuries were fatal.

[4] On June 17, 2015, Linda Brison, Teresa's mother[2] and personal representative of Teresa's estate (the "Estate"), filed suit against Livingston, Virginia Wilson,[3] and Safe Auto Insurance Company ("Safe Auto"). The complaint sought damages suffered as a result of the incident.[4] On July 7, 2015, Livingston answered the Estate's complaint and filed a "counterclaim"[5] against Lewis, who was not named in the lawsuit until that point, for damages Livingston sustained to her vehicle and the emotional distress she suffered as a result of the events that evening. Appellant's App. Vol. II p. 41. The claim against Lewis stemmed from his alleged actions and alleged inactions regarding Teresa's exit

---

[2] Although we know Lewis and Teresa were brother and sister, we are unsure if Brison is also Lewis' mother.

[3] Wilson drove another vehicle related to the incident.

[4] As Livingston and Wilson note, it appears to be a wrongful death action. The complaint notes that Brison "was appointed personal representative of Lewis' estate for the sole purpose of bringing this wrongful death action." Appellant's App. Vol. II p. 34.

[5] Livingston's claim against Lewis would be better characterized as a third-party claim against Lewis, as Lewis was not a Plaintiff.

from Lewis' vehicle on or beside the roadway. A summons was not issued to Lewis.

[5] On July 9, 2015, the Estate filed a document titled "Reply To Counterclaim Against Ronald Lewis" (the "Reply") as well as a "Motion to Dismiss Counterclaim Against Ronald Lewis" (the "Motion to Dismiss"). *Id.* at 44, 46. The Reply stated the counterclaim should be dismissed because "Ronald Lewis is not a party to the case and no Counterclaim may be filed against him pursuant to Rules 7, 13, and 14 of the Indiana Rules of Trial Procedure." *Id.* at 45. Lewis himself did not answer Livingston's claims against him.

[6] On September 11, 2015, an attorney filed his appearance for both the Estate and Ronald Lewis "as counterclaim Defendants, only." *Id.* at 28. At the time of this appearance, the Estate's Motion to Dismiss was still pending. After many motions, pretrial conferences, and status hearings, on April 13, 2017, the trial court noted an "administrative event" on the chronological case summary ("CCS") stating: "Comes now the Court and finds Plaintiff's Motion to Dismiss Counterclaim Again Ronald Lewis should be and is hereby Dismissed."[6] *Id.* at 16-17. The trial court, however, did not issue a written order.

[7] Again, after more motions, on November 2, 2017, a new attorney filed his appearance for "Third-Party Defendant" Lewis. *Id.* at 22. The same day,

---

[6] We interpret this entry as an order granting the motion to dismiss, thereby dismissing the claim against Lewis.

Lewis filed a motion for leave to file an "Amended Answer, Cross-Claim, and Counterclaim," along with his proffered amended answer, cross-claim, and counterclaim. *Id.* The basis of Lewis' cross-claim and counterclaim was for "compensatory damages" as a result of Lewis' allegation that he witnessed Teresa deceased in the roadway and that he subsequently saw another vehicle run over her. *Id.* at 86.

[8]     Wilson filed an "Objection to Motion for Leave as filed by Ronald Lewis with Reply to Counterclaim and Motion to Dismiss Counterclaim," on November 6, 2017. *Id.* at 23. On November 10, 2017, Livingston filed a "Motion in Opposition to Motion for Leave to File Amended Answer," and Lewis responded the same day. *Id.* On November 15, 2017, the trial court denied Lewis' motion.

[9]     Based on Lewis' contention that the trial court's November 15, 2017 order was not a final appealable order, Lewis waited until all other parties reached a settlement on all claims in January 2019 before initiating this appeal. Livingston and Wilson filed motions to dismiss this appeal in May 2019 arguing that Lewis did not have standing to initiate an appeal. The motions panel of this Court thereafter denied Livingston's and Wilson's motion to dismiss Lewis' appeal. Lewis now appeals the denial of his motion to amend.

## Analysis

[10]    Lewis argues that the trial court erred in dismissing his motion to amend. Both parties contend that our standard of review on the denial of a motion to amend

is an abuse of discretion. "An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law." *Town of Georgetown v. Sewell,* 786 N.E.2d 1132, 1137 (Ind. Ct. App. 2003). "We will reverse the judgment of the trial court only upon a showing that the trial court abused its discretion in denying the motion." *Mayer v. Davis,* 991 N.E.2d 116, 118 (Ind. Ct. App. 2013).

[11] The parties disagree about whether we can affirm the trial court's decision on any basis supported in the record or whether our review is limited to the arguments Livingston and Wilson used to support their arguments at the trial court. Lewis argues that Wilson and Livingston relied exclusively on two arguments, namely, that (1) Ronald Lewis was not, and had never been, a party to the case; and (2) the statute of limitations had expired. Lewis contends that Livingston and Wilson cannot raise new legal theories in this appeal. On the other hand, Livingston and Wilson argue that we can affirm the trial court on any basis in the record.

[12] We agree with Livingston and Wilson. Our court gives a "deferential standard" to trial courts, and, "'on appellate review the trial court's judgment will be affirmed if sustainable on any theory or basis found in the record.'" *J.M. v. Review Bd. Of Indiana Dept. of Workforce Development,* 975 N.E.2d 1283, 1289 (Ind. 2012) (quoting *Havert v. Caldwell,* 452 N.E.2d 154, 157 (Ind. 1983)). "[I]t is well established that a decision of the trial court will be sustained if a valid ground exists to support it, whether or not the trial court considered those

grounds." *J.M.,* 975 N.E.2d at 1289. "To state it another way, we 'may affirm a trial court's judgment on any theory supported by the evidence.'" *Id.* (citing *Dowdell v. State,* 720 N.E.2d 1146, 1152 (Ind. 1999)). Regardless, we believe that at least Wilson did argue more than Lewis states. Specifically, Wilson's objection states: "Ronald Lewis has never even filed a pleading in this action, so it is more than a bit bewildering how he could <u>amend</u> a pleading. Not being a party to this action, Ronald Lewis cannot file a pleading, amended or otherwise." Appellant's App. Vol. II p. 92 (emphasis supplied).

[13] At the outset, we note that numerous errors—by all those involved in this matter—have made the record difficult to understand. Specifically, the following four errors have caused significant confusion in this case: (1) Livingston adding a claim against Lewis in her answer, characterizing the claim against a non-party as a "counterclaim"; (2) the trial court's decision to wait two years to rule on the Motion to Dismiss; (3) the Estate's filing a Reply to allegations against Lewis as if the Estate was attempting to answer on behalf of Lewis; and (4) Lewis filing a motion for leave to amend a document that Lewis never filed in the first instance. While these errors have made the proceeding complicated, the end result is not changed. Turning now to the issue before us, for the reasons set out below, we find Lewis' arguments unavailing.

## A. Trial Rule 15(A)

[14] Based on the record before us, we cannot conclude that the Estate's filings constitute an answer or responsive pleading to the counterclaim against Lewis

for the irregularities discussed above. Accordingly, we cannot conclude that Lewis has the right to amend a pleading which he, himself, did not file.

[15] First, our review of the record indicates that Lewis never filed anything in the lawsuit until November 2017 when the motion to amend before us was filed.[7] There was, however, a Reply and Motion to Dismiss filed by the Estate. Specifically, the Reply is clear that it was filed on behalf of the Estate, beginning: "Comes now Linda Brison, as Personal Representative of the Estate of Theresa J. Lewis, and for her reply to the Counterclaim against Ronald Lewis, states as follows. . . ." Appellant's App. Vol. II p. 44. The same is true of the Motion to Dismiss. The Motion to Dismiss begins: "Comes now the Plaintiff and Counterclaim Defendant, Linda Brison, in her capacity as Personal Representative of the Estate of Theresa J. Lewis, and states that the Counterclaim filed against Ronald Lewis should be dismissed . . ." *Id.* at 46. In other words, both documents are very clear that they were filed on behalf of the Estate. Even if, as Lewis contends, these documents were filed "on behalf" of Lewis, there is no evidence in the documents themselves to support Lewis' contention. We decline Lewis' invitation to interpret these filings as done on

---

[7] This is excluding attorney appearances on behalf of Lewis, which were filed in September 2015 and November 2017.

his behalf by the Plaintiff Estate, merely because of Lewis' relationship as a potential beneficiary to the Estate.[8]

[16] Moreover, while Lewis had an attorney enter his appearances September 2015, Lewis himself did not file an answer or reply to the counterclaim against him. In fact, our review of the record reveals that the attorney, who appeared in September 2015 for Lewis and the Estate, did not file anything on behalf of Lewis specifically. Still, we recognize the line of cases that Lewis points to that indicates an attorney's appearance on Lewis' behalf confers jurisdiction over a party regardless of service of process. Lewis, however, glosses over the fact that, in April 2017, the trial court granted the Estate's Motion to Dismiss and dismissed the claims against Lewis after Lewis' then-counsel requested the trial court to rule on the Motion to Dismiss. Accordingly, at the time Lewis filed his motion to amend, there was no claim pending against Lewis. If Lewis was ever a party prior to April 2017, he was certainly not after the trial court dismissed him from the action.

[17] Based on the foregoing, Lewis cannot rely on Indiana Trial Rule 15. Indiana Trial Rule 15(A) states: "A party may amend *his* pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend *his* pleading only by leave of court or by written consent of the

---

[8] Although Lewis asserts he is a potential beneficiary to the Estate, there is no evidence in the record, other than the fact that Lewis is Teresa's brother, to support this statement.

adverse party. . . ." (emphasis added). Problematic for Lewis is that none of the filings done in response to Livingston's counterclaim were Lewis' pleadings.

[18] Lewis attempts to liken his case to *Kocher v. Getz,* 844 N.E.2d 1026, 1031 (Ind. Ct. App. 2006), *trans. denied,* as support of his argument. The facts in *Kocher,* however, are distinguishable. In *Kocher,* although the insurance company there did not intervene in the case, our Court was "satisfied that [the company] has maintained a consistent presence throughout the[] proceedings, albeit in the background." *Id.* In that case, however, it was admitted in the record that the insurance company "is the catalyst behind th[e] appeal," and the trial court acknowledged in that case that "the ghost in the courtroom is [the insurance company] . . . they have called shots, [] we all know that. We lawyers do anyway." *Id.* Moreover, the issue in *Kocher* was whether the insurance company could appeal—not whether the insurance company could amend another party's filing. Although Lewis provides examples of his involvement in the lawsuit, including driving from Florida for aspects of this case, there is no evidence Lewis has been involved here, the same way the insurance company in *Kocher* was involved.

[19] Accordingly, we cannot find it to be an abuse of discretion that the trial court declined to allow Lewis to amend the Estate's response pursuant to Indiana Trial Rule 15(A).

## II. Trial Rule 14

[20] We also analyze Indiana Trial Rule 14 to determine if Lewis could prevail a different way. Pursuant to Indiana Trial Rule 14(A):

> A defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff must file the third-party complaint with his original answer or by leave of court thereafter with good cause shown. The person served with the summons and the third-party complaint, hereinafter called the third-party defendant, as provided in Rules 12 and 13 may make: . . . (1) his defenses, cross-claims and counterclaims to the third-party plaintiff's claims. . . .

Here, Lewis was not served with a summons or third-party complaint; therefore, Lewis did not, pursuant to the rules, become a third-party defendant. Lewis did not himself answer Livingston's counterclaim; instead, the Estate filed a Reply and sought to dismiss the claims against Lewis.

[21] After reviewing the trial rules, we are unable to find a situation in which Lewis prevails. We decline to address Lewis' argument regarding whether or not his proffered amended answer, counterclaim, and cross-claim relate back to an initial answer, counterclaim, and cross-claim, because Lewis did not file any of these pleadings. In other words, there is nothing to which the amended filing could relate back, aside from the filing of another party. Based on the foregoing, Lewis failed to demonstrate the trial court abused its discretion.

## Conclusion

[22] The trial court did not abuse its discretion in denying Lewis' motion to amend. We affirm.

[23] Affirmed.


Brown, J., and Altice, J., concur.